FILED - LN
October 28, 2019 9:06 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ___ctw / _____ SCANNED BY ___TB___

Charise Spink,
7528 Blake Avenue NW
Rapid City MI, 49676
231-347-0008

**1:19-cv-900**  10/29/19

**Paul L. Maloney - US District Judge**

## DISTRICT COURT of the united STATES
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**Charise Spink, Pro Se**
**COMPLAINANT**

vs.

**CIVIL RIGHTS COMPLAINT**
(42 U.S.C §1983, §1985)
(42 U.S.C. § 1988)

CIVIL NO. _____

**VERIFIED COMPLAINT a**
**DECLARATION OF CLAIM**
**Violation of Right under the Color of**
**Law.** Complaint for Money Damages for
Deprivation of Constitutional Rights, for
Conspiracy to Deprive Complainant of
Constitutional Rights and for Failure to
Protect Complainant from Conspiracy to
Deprive Complainant of her constitutional
Rights and for Deprivation of Due Process
of Law Punitive Damages, Declaratory and
Injunctive Relief under 42 USC 1983 et seq

**Jury claim is hereby Demanded on all**
**counts.**

**Mike Gaylord, Supervisor, CLEARWATER TOWNSHIP,**
**CLEARWATER TOWNSHIP, a Michigan municipality**
**Kathy Eldridge, Clerk, CLEARWATER TOWNSHIP,**
**Barbara Crambell, Treasurer, CLEARWATER TOWNSHIP,**
**Greg Bradley, Trustee, CLEARWATER TOWNSHIP,**
**Jeremy Morrison, Trustee, CLEARWATER TOWNSHIP,**
**Adam Parzych, Zoning Enforcement, CLEARWATER TOWNSHIP,**
**Greg Snyder, ZBA, CLEARWATER TOWNSHIP,**
**Kyle Beaver, Deputy Sheriff Kalkaska County,**
**Lynne M. Buday, District Court Judge,**
**Colin G. Hunter, Circuit Court Judge, Pro Tem,**
**YOUNG, GRAHAM & WENDLING, PC, a professional Corporation,**

**Nicole E. Essad, counsel for CLEARWATER TOWNSHIP,**
**James Sweet, Kalkaska County Commissioner,**
**Patty Cox, Kalkaska County Commissioner,**
**Kevin Hughes, District Health Dept. #10,**
**Matt Fournier, District Health Dept. #10,**
**Thomas Reichard, District Health Dept. #10,**
**Kyle Anderson, District Health Dept. #10,**
**The Board of Health, District Health Dept. #10,**
**Phil Lewis, Board of DHD#10,**
**Shelly Pinkeiman, Board of DHD#10,**
**Betty Dermyer, Board of DHD#10,**
**Dawn Martin, Board of DHD#10,**
**Pauline Jaquish, Board of DHD#10,**
**Richard Schmidt, Board of DHD#10,**
**Steven Hull, Board of DHD#10,**
**Charles Lange, Board of DHD#10,**
**Tom O'Neil, Board of DHD#10,**
**Ray Steinke, Board of DHD#10,**
**Roger Ouwinga, Board of DHD#10,**
**Hubert Zuidrveen, Board of DHD#10,**
**Bryan Koik, Board of DHD#10,**
**Jim Maike, Board of DHD#10,**
**Martha Meyette, Board of DHD#10,**
**Denny Powers, Board of DHD#10,**
**Judy Michois, Board of DHD#10,**
**Gary L. Taylor, Board of DHD#10,**
**Holly Pennioni, DNR Law Enforcement Division,**
**Chris Bowen, DNR Law Enforcement Division,**
**Gary Hagler, Chief DNR Law enforcement Division**
**Catherine D. Jasinski, COUNSEL DHD#10**
**John and Mary Doe unknown at this time,**

**Defendants/RESPONDENTS**

_____/

**There is no other claim or case pending or prior before this honorable court.**

Complainant Charise Spink, referred to as "Complainant", brings this civil rights Complaint

against the above-named Defendants/Respondents, their employees, agents, and successors in

office, and in support thereof allege the following upon information and belief:

## PARTIES

1. Respondent Township of Clearwater is a Michigan municipality, organized under the laws of the State of Michigan. It is responsible for the policies, procedures, usage and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Respondents Mike Gaylord, Kathy Eldridge, Barbara Crambell, Greg Bradley, Jeremy Morrison, Adam Parzych, Greg Snyder and John and Mary Doe unknown at this time.

2. Those listed below who are or were employed by Clearwater Township or contracted by Clearwater Township and at all times relevant to this Complaint.

3. Respondents County of Kalkaska Deputy Sheriff, **Kyle Beaver**, John Does and others not presently known to the Complainant were, at all times material to this Complaint, duly appointed Kalkaska County Deputies Complainant sues all public employees in their official capacities individually, jointly and severally.

4. At all times material to this Complaint, Respondents **Lynn M. Buday** and **Colin G. Hunter** acted toward Complainant under color of the Constitutions, statutes, ordinances, customs, and usage of the State of Michigan, County of Kalkaska. Each have an interest and personal stake in the outcome of these cases since they are employed and paid by the County of Kalkaska. These judges should have recused themselves for their lively hood is dependent on the outcome of fines, fees[1], and costs.

---

1. Public Act 234 of 1972 § 2171(1): A court fee fund is created in the state treasury. The state treasurer shall deposit into the court fee fund all money received from the executive secretary pursuant to section 304(4). The state treasurer shall, if funds remain in the court fee fund after the transfer described in subsection (3), transmit a portion of the money in the court fee fund, not exceeding $2,200,000.00 in any fiscal year, to the court equity fund created by section 151b of the revised judicature act of 1961, 1961 PA 236, MCL 600.151b. If the court fee fund exceeds $2,200,000.00 in any fiscal year and $2,200,000.00 is transmitted to the court equity fund, an amount may be appropriated from the court fee fund for operational expenses of trial courts. Operational expenses may include the payment of salaries of trial court judges other than judges of the district court. Any money remaining in the court fee fund at the end of the fiscal year shall remain in the court fee fund and shall not revert to the general fund.

5. **Mike Gaylord, CLEARWATER TOWNSHIP SUPERVISOR,**

   **a.** Respondent **Mike Gaylord** is a resident of the State of Michigan, Clearwater
   Township and at all material times was employed by Clearwater Township as
   Supervisor. Current address 5440 River St., Rapid City, Michigan, PO Box #1 49676
   or 5059 Wilhelm Rd.

6. **Kathy Eldridge, CLEARWATER TOWNSHIP CLERK,**

   **a.** Respondent **Kathy Eldridge** is a resident of the State of Michigan, Clearwater
   Township and at Current address 5440 River St., Rapid City, Michigan, PO Box #1
   49676 or 3721 Morrison Rd., at all material times was employed by Clearwater
   Township.

7. **Barbara Crambell, CLEARWATER TOWNSHIP TREASURER,**

   **a.** Respondent **Barbara Crambell** is a resident of the State of Michigan, Clearwater
   Township and at all material times was employed by Clearwater Township. Current
   address 5440 River St., Rapid City, Michigan, PO Box #1 49676 or PO Box 68.

8. **Greg Bradley, CLEARWATER TOWNSHIP TRUSTEE,**

   **a.** Respondent **Greg Bradley** is a resident of the State of Michigan, Clearwater
   Township and at all material times was employed by Clearwater Township. Current
   address 5440 River St., Rapid City, Michigan, PO Box #1 49676 or 9570 Pine Circle
   Dr.

9. **Jeremy Morrison, CLEARWATER TOWNSHIP TRUSTEE,**

   **a.** Respondent **Jeremy Morrison** is a resident of the State of Michigan, Clearwater
   Township and at all material times was employed by Clearwater Township. Current

address 5440 River St., Rapid City, Michigan, PO Box #1 49676 or 3815 Morrison

Rd.

10. **Adam Parzych, CLEARWATER TOWNSHIP Zoning Administrator,**

    **a.** Respondent **Adam Parzych** is a resident of the State of Michigan, Clearwater

    Township and at all material times was employed by Clearwater Township. Current

    address 5440 River St., Rapid City, Michigan, PO Box #1 49676

11. **Greg Snyder, CLEARWATER TOWNSHIP ZBA,**

    **a.** Respondent **Greg Snyder** is a resident of the State of Michigan, Clearwater

    Township and at all material times was employed by Clearwater Township. Current

    address 5440 River St., Rapid City, Michigan, PO Box #1 49676 or 5860 Aarwood

    Rd.

12. **Lynn M. Buday, KALKASKA DISTRICT COURT JUDGE,**

    **a.** Respondent **Lynn M. Buday** is a resident of the State of Michigan, City of Kalkaska

    and at all material times was employed by the County of Kalkaska. Current address

    605 North Birch Street, Kalkaska, MI 49646.

13. **Colin G. Hunter, KALKASKA CIRCUIT COURT JUDGE,**

    **a.** Respondent **Colin G. Hunger** is a resident of the State of Michigan, City of Grayling

    and at all material times was employed by the County of Kalkaska. Current address

    605 North Birch Street, Kalkaska, MI 49646.

14. **YOUNG, GRAHAM & WENDLING, PC, a PROFESSIONAL CORPORATION,**

    a.    Respondent **YOUNG, GRAHAM & WENDLING, PC** is a PROFESSIONAL

    CORPORATION of the State of Michigan, and at all material times was

    employed by Clearwater Township, State of Michigan as the corporate counsel

for Clearwater Township.  Current Address; PO Box 398, 104 E. Forest Home
Ave., Bellaire, MI 49615.

15. **Nicole E. Essad, contracted by Clearwater Township as counsel,**

    a.    Respondent **Nicole E. Essad was contracted counsel and employed by
Clearwater Township** and at all material times was **through YOUNG,
GRAHAM & WENDLING, PC.** Current Address; PO Box 398, 104 E. Forest
Home Ave., Bellaire, MI 49615.

16. **Shelly Pinkeriman, Board of Health member, Commissioner Crawford County
Michigan,** and at all material times member of the Board of Health and commissioner of
respective County and Board Voting Board Members of the DHD#10, **120 West Chapin
Street, Cadillac, MI 49601-2158.**

17. **Phil Lewis, Board of Health member, Commissioner Crawford County Michigan,** and at
all material times member of the Board of Health and commissioner of respective County
and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI
49601-2158.**

18. **Patty Cox, Board of Health member, Commissioner Kalkaska County Michigan,** and at
all material times member of the Board of Health and commissioner of respective County
and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI
49601-2158.**

19. **James Sweet, Board of Health member, Commissioner Kalkaska County Michigan,** and
at all material times member of the Board of Health and commissioner of respective County
and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI
49601-2158.**

20. **Betty Dermyer, Board of Health member, Commissioner Lake County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

21. **Dawn Martin, Board of Health member, Commissioner Lake County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

22. **Pauline Jaquish, Board of Health member, Commissioner Manistee County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

23. **Richard Schmidt, Board of Health member, Commissioner Manistee County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

24. **Steven Hull, Board of Health member, Commissioner Mason County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

25. **Charles Lange, Board of Health member, Commissioner Mason County Michigan,** and at all material times member of the Board of Health and commissioner of respective County

and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

26. **Tom O'Neil, Board of Health member, Commissioner Mecosta County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

27. **Ray Steinke, Board of Health member, Commissioner Mecosta County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

28. **Roger Ouwinga, Board of Health member, Commissioner Missaukee County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

29. **Hubert Zuiderveen, Board of Health member, Commissioner Missaukee County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

30. **Bryan Koik, Board of Health member, Commissioner Newaygo County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

31. **Jim Maike, Board of Health member, Commissioner Newaygo County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

32. **Martha Meyette, Board of Health member, Commissioner Oceana County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

33. **Denny Powers, Board of Health member, Commissioner Oceana County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

34. **Judy Nichois, Board of Health member, Commissioner Wexford County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

35. **Gary L. Taylor, Board of Health member, Commissioner Wexford County Michigan,** and at all material times member of the Board of Health and commissioner of respective County and Board Voting Board Members of the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

36. **Kevin Hughes, Employee of the DHD#10, Health Officer,** and at all material times was employed by the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

37. **Matt Fournier, , Employee of the DHD#10, Health Officer, Environmental Supervisor,** and at all material times was employed by the DHD#10, **120 West Chapin Street, Cadillac, MI 49601-2158.**

38. **Thomas Reichard, Employee of the DHD#10, Health Officer, Environmental Health Director,** and at all material times was employed by the DHD#10, 1**20 West Chapin Street, Cadillac, MI 49601-2158.**

39. **Kyle Anderson, Employee of Kalkaska County Health Department, Sanitarian,** and at all material times was employed by the County of Kalkaska, **605 N. Birch Street, Kalkaska, MI.**

40. **Patty Cox, Commissioner District #7, Kalkaska County,** and at all material times was employed by the County of Kalkaska, **605 N. Birch Street, Kalkaska, MI.**

41. **James Sweet, Commissioner District #4, Kalkaska County,** and at all material times was employed by the County of Kalkaska, **605 N. Birch Street, Kalkaska, MI.**

42. **Catherine D. Jasinski (P37297) was contracted by District #10 Health Department as counsel.**

      a.      Respondent **Catherine D. Jasinski was contracted counsel and employed by District #10 Health Department** and at all material times was **through The Running, Wise and Ward PLC, et al. 326 E State St, Traverse City, MI 49684**

43. **Holly Pennioni, DNR Law Enforcement Division,** and at all material times was employed by the state of Michigan, 120 West Chapin Street, Cadillac, MI 49601

44. **Chris Bowen, DNR Law Enforcement Division,** and at all material times was employed by the state of Michigan **2100 West M-32, Gaylord, MI 49735.**

45. **Gary Hagler, Chief DNR Law enforcement Division,** and at all material times was employed by the state of Michigan, Constitution Hall, 525 W. Allegan, Lansing, MI 48909.

## BASIS FOR VENUE FOR THIS ACTION.

46. Venue is proper here because the acts forming the basis of the complaint happened in this judicial circuit district.

47. Further, Venue is proper here because the Complainants and the majority of Respondents all reside or in their professional governmental capacity work in this judicial district.

48. Complainants' claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court. Complainants' claims for damages are authorized under 42 U.S.C. § 1983 and by the general legal and equitable powers of this court.

49. Jurisdiction of this Court arises under Title 28 U.S.C.A §2201, §2202 §1331, 1343(a), 1367(a) Title 42 U.S.C.A § 1981, and Title 42 U.S.C.A. § 1983 to address Constitutional and Lawful Wrongs moved by State Public Actors from where to therefore grant Injunctive Relief as a matter of law.

## SUMMARY OF THE CASE

50. **The Defendants/Respondents individually, jointly and severally violated petitioner's constitutional rights under false color of law.**

51. I need not prove my case and present all the evidence here; I merely need to make a plain statement of facts pursuant to **Federal Rules of Civil Procedure, rule 8.**

52. The Respondents **individually, jointly and collectively** violated my rights.

53. I have a cause of action pursuant to 42 USC section 1983 which reads as follows:

a. *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitutions and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress "*

b. Marbury v. Madison, 5 US 137: "The Constitution of these United States is the supreme law of the land. Any law that is repugnant to the Constitution is null and void of law."

c. Murdock v. Penn., 319 US 105: "No state shall convert a liberty into a privilege, license it, and attach a fee to it."

d. Boyd v. U.S., 116 U.S. 616: "The court is to protect against any encroachment of Constitutionally secured liberties."

e. Cooper v. O'Conner, 99 F.2d 133: There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign.

## GENERAL ALLEGATION PERTAINING TO ALL CAUSES OF ACTION:

54. **COMES NOW** Charise Spink, a citizen of the United States residing in Clearwater
    Township, Kalkaska County Michigan.  Complainant above complains against Respondents
    above named for depriving Complainant of her constitutional rights under color of State and
    Federal Law, equal protection under the Law, denial of Due Process under the law, custom or
    usage, conspiracy to so deprive and/or failure, neglect or refusal to protect Complainant from
    said conspiracy, malicious prosecution, malicious abuse of process, Fraud, Inadequate
    Training and Screening of Employees.

55. Complainant repeats and re-alleges and incorporates by reference the allegations in
    paragraphs **1 through 53** above with the same force and effect as if herein set forth.  I assert
    every other paragraph of this complaint into every cause of action.

56. In committing the acts described herein all Respondents subjected me to deprivation of my
    rights, privileges, and immunities secured by the U.S. Constitution and the State constitution
    and the laws made thereunder.

57. All Respondents acted under color of Constitutions, statutes, ordinances, regulations,
    customs, and/ or usage, of the state of Michigan, county of Kalkaska, Township of
    Clearwater and other laws and regulations.

58. All Respondents are liable to me in an action at law, suit in equity, or other proper
    proceeding for redress.

59. The Unlawful actions moved by State Public Actors that knowingly violated this
    Complainant's  Substantive Rights were moved to overtly deny the constitutional constituted
    due processes of Law by Officers of the Public Trust Public acting in conspiratorial concert
    under the color of Public Law to inversely condemn private realty for public use.

60. The Unlawful actions moved by Public Actors of the Local Units of Government moving in conspiratorial concert with State Public Actors, were stood to **Exact** the substantive rights of the Complainant under the color of Michigan State Public Acts by overtly violating the Michigan State Constitution of 1963 authorities for the regulation of the Public Domain.

61. The Tortuous conduct of elected and appointed Officers sitting in the Michigan State Public Trust moving in conspiratorial concert to superimpose the Public Domain over the private realty of the Complainant in direct violation to Constitutional limitations was conducted by fraudulently moving an equitable claim in the Michigan Judicial System.

62. Appointed and Elected Officers of the Public Trust intentionally advanced a public conspiracy to unconstitutionally and unlawfully suppresses under the color of law, the Complainant's God Given Unalienable Rights to Life, Liberty and Property.

63. The wanton violation by elected and appointed Public Officers of the Public Trust who knowingly, intentionally, and willingly chose to violate their Constitutional Oath of Public Office in order to advance their corrupted public policy for subverting the private rights of the Complainant under the color of State Public Enactments.

64. The overt conspiratorial denial of the Due Processes of Michigan State Law by appointed and elected public actors of the Public Trust, who knowingly used public monies, and resources to wrongfully target the Complainant in their corrupted design to constructively **Exact** her God Given Unalienable Rights, and Private Realty under the color of the State Constitution and Public Laws.

65. The cumulative violative wrongs committed by elected and appointed Officers of the Public Trust knowingly moved under the color of Michigan Public Acts to inversely condemn Private

Realty for public use within the Township of Clearwater, in the County of Kalkaska here within the exterior boundaries of the State of Michigan.

66. All of the acts of the elected and appointed Officers of the Public Trust, their officers, agents, servants, and employees, as alleged herein, were conducted under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, or usages, who are Public Officers situated within the employee of the Township of Clearwater, the County of Kalkaska and the State of Michigan.

67. The wrongful acts moved by Nicole E. Essad ( P80791) of YOUNG, GRAHAM & WENDLING, PC, et al and those yet unnamed, who singularly and collectively moved under the color of law, on the floor of the Court to advance the conspiratorial designs of the elected and appointed Officers of the Public Trust, their officers, agents, servants, and employees, as alleged herein, that were conducted under color and pretense of the appointed Officers of the Public Trust Constitutions, statutes, ordinances, regulations, customs, or usages within the Township of Clearwater, the County of Kalkaska and the State of Michigan.

68. The wrongful acts moved by Catherine D. Jasinski (P37297) of The Running, Wise and Ward PLC, et al and those yet unnamed ho singularly and collectively moved under the color of law on behalf of the Department[2] to advance the conspiratorial designs of the elected and appointed Officers of the Public Trust, their officers, agents, servants, and employees, as alleged herein, that were conducted under color and pretense of the appointed Officers of the Public Trust Constitutions, statutes, ordinances, regulations, customs, or usages within the Township of Clearwater, the County of Kalkaska and the State of Michigan.

---

2. Michigan Compiled Laws Chapter 324.99923: Executive Order 2019-2

69. The Respondents have not shown that the buildings on Complainant's private property is in any way, will or has diminished the rights of the joining property owners or will be harmful to the public or is a public nuisance.

70. I demand redress.

71. I set forth the details as follows.

## INTRODUCTION OF FACT

72. Complainant repeats and re-alleges and incorporates by reference the allegations in paragraphs **1 through 71** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

73. Charise Spink is a Michigan State Citizen who is a private owner of real estate[3] within the exterior boundaries of Clearwater Township that is situated within exterior boundaries of Kalkaska County, here in the State of Michigan.

74. The Michigan State Legislature's regulatory reach regarding lands is constitutionally defined in Article X § 5 of the Michigan State Constitution of 1963.

75. This Article X § 5 Constitutional authority was legislatively enacted as Public 451 of 1994 which authorized an executive agency, in this instant case the Department of Environmental Quality[4], now known as the Department of Environment, Great Lakes and Energy[5] jurisdictional oversight to sit inclusively, and exclusively within the Public Domain.[6]

---

3. Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. 1 Blackstone's Commentaries (Cooley's Ed.), 127

4. Michigan Compiled Laws Chapter 324.99921: Executive Order 2011-1

5. Michigan Compiled Laws Chapter 324.99923: Executive Order 2019-2

6. Public Act 451 of 1994 § 301 (i): "Public domain" means all land owned by this state or land deeded to this state under state law.

76. A Local Unit of Government is defined by Michigan State Law enacted in compliance to Article VII § 17 of the Michigan State Constitution of 1963, as a public agency[7].

77. A Local Unit of Government is an administrative municipal authority that falls within the legalistic limitations as prescribed in the authorizing Laws[8], which are its statutory directives as enacted by the State Legislative Body, signed into Law by the Executive Authority of Michigan.

78. Health District #10 is funded by local units of government[9] within its statutorily prescribed geographic jurisdiction addressing environmental health in compliance to Public Act 368 of 1978 § 12101[10].

79. The Department defined in Public Act 368 of 1978 § 12501(1)(b)[11] is the authority that regulates the reach of the appointed Officers of the Public Trust District Health Department

---

7. Public Act 306 of 1969 § 3 (2): "Agency" means a state department, bureau, division, section, board, commission, trustee, authority or officer, created by the constitution, statute, or agency action. Agency does not include an agency in the legislative or judicial branch of state government, the governor, an agency having direct governing control over an institution of higher education, the state civil service commission, or an association of insurers created under the insurance code of 1956, 1956 PA 218, MCL 500.100 to 500.8302, or other association or facility formed under that act as a nonprofit organization of insurer members.

8. Article VII §17 of the Michigan State Constitution of 1963: Each organized township shall be a body corporate with powers and immunities provided by law.

9. Article VII §1 of the Michigan State Constitution of 1963: Each organized county shall be a body corporate with powers and immunities provided by law.

10. Public Act 368 of 1978 § 12101(1) & (2): (1) As used in this article, "environmental health" means the area of activity which deals with the protection of human health through the management, control, and prevention of environmental factors which may adversely affect the health of individuals. This activity is concerned with the existence of substances, conditions, or facilities in quantities, of characteristics, and under conditions, circumstances, or duration which are or can be injurious to human health.

   (2) In addition, article 1 contains general definitions and principles of construction applicable to all articles in this code.

11. "Department" means the department of environmental quality.

#10 addressing the administrative oversight of recreational areas, known in this instance as campgrounds[12].

80. The Local Unit of Government[13] is enabled under Public Act 110 of 2006 to enact local regulatory ordinances addressing the public rights of land usage.

81. The Michigan State District Court is a statutory operation of law[14], defined as an administrative unit under the superintending Control of the State Supreme Court that sits in equity.

82. Neither the State of Michigan, the Department of Environmental Quality and/or the local unit of government(s) has singularly or collectively issued a public[15] leasehold interest to Charise Spink.

83. The Michigan Administrative Law Judge Paul Smith sitting in incompliance to Public Act 306 of 1969, stated in response to the Contested Case Hearing application moved by the Complainant that "an agency only has those powers provided to it by statute", which substantiates in the first instance the Department had no standing to pursue a Cease and Desist Order through the Offices of the Department of Health District #10 in January of 2018.

---

12. Public Act 368 of 1978 § 12501(1)(a)

13. Public Act 110 of 2006 § 102 (o): "Local unit of government" means a county, township, city, or village.

14. Public Act 236 of 1961 § 8101 (1): A district court is established in the state. The district court is a court of record. The state is divided into judicial districts of the district court each of which an administrative unit subject to the superintending control of the Supreme Court.

15. Public Act 451 of 1994 § 301 (i): "Public domain" means all land owned by this state or land deeded to this state under state law.

84. Public Act 110 of 2006 is the prescriptive regulation of objects that sit within the Public Domain for the regulation of public rights as articled in the Michigan State Constitution of 1963 Article X § 5[16].

85. The local unit of government, operating as the Clearwater Township moved Administrative search warrants under the signature of the District Court[17], by moving actions addressing public rights under the color of its local Ordinance, enacted under the authority of Public Act 110 of 2006.

86. The Local Unit of Government's governing authority, the Clearwater Township Board of Commissioners had no lawful authority to authorize its adjunct authority, the Township Zoning Board to Trespass the private lands of this Michigander, the Complainant, under the color of Public Act 110 of 2006 enacted as a local ordinance[18] for the regulation of public rights.

---

16. Michigan State Constitution of 1963 Article X § 5: The legislature shall have general supervisory jurisdiction over all state owned lands useful for forest preserves, game areas and recreational purposes; shall require annual reports as to such lands from all departments having supervision or control thereof; and shall by general law provide for the sale, lease or other disposition of such lands.

17. Signature of Presiding Officer Lynne M. Buday

18. Public Act 246 of 1945 § 1(1): Except as otherwise provided in this subsection, the township board of a township, at a regular or special meeting by a majority of the members elect of the township board, may adopt ordinances regulating the **public** health, safety, and general welfare of persons and property, including, but not limited to, ordinances concerning fire protection, licensing or use of bicycles, traffic, parking of vehicles, sidewalk maintenance and repairs, the licensing of business establishments, the licensing and regulating of public amusements, and the regulation or prohibition of public nudity, and may provide sanctions for the violation of the ordinances. The township shall enforce the ordinances and may employ and establish a police department with full power to enforce township ordinances and state laws. If state laws are to be enforced, a township shall have a law enforcement unit or may by resolution appropriate funds and call upon the sheriff of the county in which the township is located, the department of state police, or another law enforcement agency to provide special police protection for the township. The sheriff, department of state police, or other local law enforcement agency shall, if called upon, provide special police protection for the township and enforce local township ordinances to the extent that township funds are appropriated for the enforcement. Special township deputies appointed by the sheriff shall be under the jurisdiction of and solely responsible to the sheriff. Ordinances regulating traffic and parking of vehicles and bicycles must not contravene the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923. This subsection is subject to the local government occupational licensing act.

87. The Local Unit of Government, operating as the Clearwater Township had no statutory standing to present its alleged Ordinance Violations whose authority derived from the Local Law enacted in conformity to Public Act 110 of 2006, to sit upon the floor of the administrative unit subject to the superintending Control of the State Supreme Court that sat in equity under the color of Michigan Court Rules, Rule 4.101(A) (1) (b)[19].

88. Neither the Michigan State District Court[20], nor the Michigan State Circuit Court[21], had Constitutional authority, or the legal standing to claim that the unwarranted actions of the Defendant Clearwater Township had lawful standing on the floor of their respective courts.

89. On September 21st, 2019 Public Actors from the Department of Environment Quality's Great Lakes & Energy division under the Direction of Director Gary Hagler, Chief of the Department of Natural Resources Law enforcement Division continued to move under the color of law, by knowingly moving an unwarranted administrative trespass of the PRIVATE LANDS owned by the Complainant Charise Spink.

90. Respondent Clearwater Township is a General Law[22] Local (non-chartered) governmental unit of the state of Michigan wherein, it's elected officials, agents and legal counsel are acting without authority from the Michigan Legislature Article IV section 29[23].

---

19. MCR Rule 401(A) (1) (b): If the infraction is a municipal civil infraction, the action may be initiated by an authorized local official serving a written citation on the alleged violator. If the infraction involves the use or occupancy of land or a building or other structure, service may be accomplished by posting the citation at the site and sending a copy to the owner by first-class mail.

20. Presiding Officer Lynne M. Buday

21. Presiding Officer Colin G. Hunter

22. Revised Statutes of 1846 Chapter 16

23. Michigan State Constitution of 1963 Article IV § 29: The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act shall take effect until approved by two-thirds of the members elected to and serving in each house and by a majority of the electors voting thereon in the district affected. Any act

91. Respondent Clearwater Township, its elected officials, agents and legal counsel are using Michigan Public Act 110 of 2006 under the color of law to suborn the private property rights of the Complainant.

92. Respondents have trespassed under the color of law on Complainant's private property which is not within the "Public Domain" under zoning ordinances which do not apply to Complainant's private realty situated within the exterior boundaries of Clearwater Township.

93. Respondents Clearwater Township Zoning Board in this instant case failed to Administratively determine the existence of a Public Wrong prior to docketing a civil infraction within the District Court 87-B where jurisdiction is VOID without a Finding of Facts, Conclusion of Law and Final Determination from the court of original jurisdiction, the legislative agency sitting as Clearwater Township, in violation of Michigan Public Act 306 of 1969[24].

94. Respondents Judges Buday and Hunter Superimposed statutory jurisdiction to declare the Subject Matter valid for equitable restraint, when it clearly lacked Constitutional Jurisdiction to address the issue in legal favor of Clearwater Township, which subjectively by judicial decree abrogated the Substantive rights of this Complainant..

---

repealing local or special acts shall require only a majority of the members elected to and serving in each house and shall not require submission to the electors of such district.

24. Public Act 306 of 1969 § 85: A final decision or order of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law separated into sections captioned or entitled "findings of fact" and "conclusions of law", respectively. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. If a party submits proposed findings of fact that would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or a portion of the record as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material, and substantial evidence. A copy of the decision or order shall be delivered or mailed immediately to each party and to his or her attorney of record.

95. Furthermore the Clearwater Township's counsel Nicole E. Essad could not substantiate the lawful necessity that a Public Licensure, or Application thereof for a leasehold on public lands, was constitutionally viable, which exposes her fraudulent usage of the Judicial Process was enabled by the complicit support of first Presiding Officer Lynn M. Buday and secondly Presiding Officer Collin G. Hunter, substantiates that their collective and singular judicial decrees rendered in the instant State case are Null and Void.

96. Respondent Adam Parzych fraudulently moved under the color of law, wherein he claimed he had standing to instruct the Complainant to "Go to the Township and pay the special use permit for a campground and get the permits for 35 buildings".

97. Respondent Adam Parzych a known public actor in the employee of the Township of Clearwater, a municipal corporation, intentionally moved to abrogate the substantive rights of this Complainant by his overt violations of the Michigan State Constitution of 1963, Article X § 5, and its enforceable provisions enacted as Public Act 451 of 1994 and Public Act 110 of 2006.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983-MALICIOUS THREATS:

98. Complainant repeats and realleges and incorporates by reference the allegations in paragraphs **1 through 97** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

99. At all times relevant herein, the conduct of all Respondents jointly and severally were subject to 42 U.S.C. sections. 1983, 1985, 1986, and 1988.

100.   Acting under the color of law, Respondents worked singularly, jointly, and collectively to violate, and thereby deny the Complainant's Substantive Rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

    a)   by depriving Complainant of her liberty without due process of law,

    b)   by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Complainant equal protection of laws.

    c)   by refusing or neglecting to prevent such deprivations and denials to complainant, thereby depriving Complainant of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

100.   As a result of their **concerted unlawful and malicious threats** singularly, jointly, and collectively as moved by Respondents, Complainant was deprived of both her liberty without due process of law and her right to equal protection of the law by Respondent Lynn M. Buday and Colon G. Hunter, Judge, where the due course of justice was impeded, in violation to the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983. Where jurisdiction was challenged the Respondents singularly, jointly, and collectively remained silent.

    a)   "Punitive damages are recoverable in sec. 1983 suit where Respondent's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to Complainant's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, *supra* at 355.

    b)   Boyd v. U.S., 116 U.S. 616: "The court is to protect against any encroachment of Constitutionally secured liberties."

c) 1 Smith's Leading Cases, 816: In regard to courts of inferior jurisdiction, "if the
record does not show upon its face the facts necessary to give jurisdiction, they will
be presumed not to have existed."

## COUNT 2: UNLAWFUL ACTS 42 USC 1983 JOINDER

101.    Complainant repeats and realleges and incorporates by reference the allegations in
paragraphs **1 through 100** above with the same force and effect as if herein set forth. I assert
every other paragraph of this complaint into every cause of action.  I assert every other
paragraph of this complaint into every cause of action.

102.    Those undetermined Wives and Husbands yet to be named or amended to this complaint
are to the best of Complainant's knowledge and belief, complicit respectively of Respondents
named above;

103.    They may be joined as a protection to Complainant against their husbands or wife's
unlawful dissipation of assets or attempted conveyances of property in an attempt to defraud
legitimate creditors.

## COUNT 3 VIOLATION OF OATH OF OFFICES

104.    Complainant repeats and realleges and incorporates by reference the allegations in
paragraphs **1 through 103** above with the same force and effect as if herein set forth. I assert
every other paragraph of this complaint into every cause of action.

105.    By Law, **ARTICLE XI, PUBLIC OFFICERS AND EMPLOYMENT § 1 Oath of
public officers, Constitution of Michigan**, Respondents, Mike Gaylord, Kathy Eldridge,
Barbara Crambell, Greg Bradley, Jeremy Morrison, Adam Parzych, Greg Snyder, Lynn M.
Buday, Judge and Colin G. Hunter, Judge and all listed Respondents, John and Mary Doe
unknown at this time have been required by Oath of affirmation, to support and defend

Complainant's Constitutional rights when or where they claim to have jurisdiction over or official duties with the Complainant. U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977): "Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct... If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately". Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480 (1983): "Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth". In regard to courts of record: "If the court is not in the exercise of its general jurisdiction, but of some special statutory jurisdiction, it is as to such proceeding an inferior court, and not aided by presumption in favor of jurisdiction."

106. Therefore, this cause of action is actionable under 42 USC §1983 for damages in all Respondents private capacity in the amount of $100,000.00

## COUNT 4: DENIAL OF DUE PROCESS

107. Complainant repeats and realleges and incorporates by reference the allegations in paragraphs **1 through 106** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

108. Complainant is guaranteed Due process of Law by the Fifth Amendment of our U.S. Constitution.

109. Complainant's case was docketed on the district court's register of actions by the Clearwater Township's Attorney of Record Nicole E. Essad, under the colorfully enacted

statutory presumption of guilt, as clearly defined in Public 175 of 1927 § 1(c)[25], which is a statutory action repugnant to the Constitution of the United States for the United States of America[26] and the Michigan State Constitution of 1963 Article I § 17.

110.    Under the 13th. Amendment to the constitution Complainant is protected against peonage and involuntary servitude, where the actions of Respondents appear to destine Complainant.

111.    Under the 14th amendment of the constitution's equal protection of the law substantiates that this Complainant is afforded standing to protest the violative actions of State Public Actors, whose wrongs are statutorily defined as legal wrongs addressable under Title 18 USC, § 241 § 242 from the wrongful acts of Respondents.

112.    The Court states clearly in Brady v. U.S., 397 U.S. 742, 748: "Waivers of Constitutional Rights, not only must they be voluntary, they must be knowingly intelligent acts done with sufficient awareness." "If men, through fear, fraud, or mistake, should in terms renounce or give up any natural right, the eternal law of reason and the grand end of society would absolutely vacate such renunciation. The right to freedom being a gift of ALMIGHTY GOD, it is not in the power of man to alienate this gift and voluntarily become a slave." —Samuel Adams, 1772. United States v. Sandford, Fed. Case No.16, 221 (C.Ct.D.C. 1806): "In the early days of our Republic, 'prosecutor' was simply anyone who voluntarily went before the grand Jury with a complaint."

---

25. Public Act 175 of 1927 § 1(c): "Complaint" means a written accusation, under oath or upon affirmation, that a felony, misdemeanor, or ordinance violation has been committed and that the person named or described in the accusation is guilty of the offense.

26. Bailey v Alabama, 219 US 219, 239 (1911): But where the conduct or fact the existence of which is made the basis of the statutory presumption itself falls within the scope of a provision of the federal Constitution, a further question arises. It is apparent that a constitutional prohibition cannot be transgressed indirectly by the creation of a statutory presumption, any more than it can be violated by direct enactment. The power to create presumptions is not a means of escape from constitutional restrictions.

113. Therefore, this cause of action is actionable under 42 USC §1983 for damages in Buday, Hunt, Parzych, Gaylord, Clark, Hagle, Pennioni and Bowen's public capacity in the amounts to be determined as a matter of law.

## COUNT 5: EXACTION

114. Complainant repeats and realleges and incorporates by reference the allegations in paragraphs **1 through 113** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

115. Therefore, this cause of action is actionable under 42 USC §1983 for damages in Township's capacity of Employer for the public capacity Defendants mentioned above capacity in the amounts to be determined as a matter of law.

## COUNT 6: CONSPIRACY OVER ACTS

116. Complainant repeats and realleges and incorporates by reference the allegations in paragraphs **1 through 115** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

117. Respondents conspired together and with others as yet unknown to Complainant to deprive her of her rights.

118. Overt acts committed by Respondents, Buday, Hunter, Essad and the YOUNG, GRAHAM & WENDLING, PC, et al Katherine D. Jasinski of the RUNNING, WISE AND WARD PLC and those yet unnamed includes that complained of in above paragraph of this complaint.

119. Respondent's aforenamed deprived aforenamed knowingly violated the 9th, and 10th Amendments to the Constitution of the United States for the United States of America, when they singularly, jointly, and collectively targeted this Complainant, as Officers of the Public

Trust, by fraudulent use of Michigan State Law, resources and funds to advance their constitutional and statutory wrongs to suborn the substantive rights of this Complainant under the color of Public Act 451 of 1994, federally recognized as the State Plan.

120.    Respondents have exceeded their jurisdiction by knowingly violating their Constitutional Oath of Public Office, and public duties as Officers of the Public Trust.

121.    Respondents have abused their discretion intentionally violating their Constitutional Oath of Public Office, and public duties as Officers of the Public Trust.

122.    Respondents have absolutely acted outside the Lawful perimeters of their official duties willfully violating their Constitutional Oath of Office, and public duties as Officers of the Public Trust.

123.    The Respondents have Grossly, Willfully, Wantonly, Unlawfully, Carelessly, Recklessly, Negligently, Intentionally, maliciously, Purposefully, and Discriminatingly, jointly and collectively Conspired to deprive Complainant of her Substantive Rights by moving a sinister public choreographed scheme to knowingly stand intentionally negligent actions  to enable their joint and collective Conspiracy to violate the Substantive Right of the Complainant by purposely violating their public duties by overtly moving in directed violation to Constitutional Limitations and the Public Acts enacted in conformity thereto.

124.    Respondents, , Mike Gaylord, Kathy Eldridge, Barbara Crambell, Greg Bradley, Jeremy Morrison, Adam Parzych, Greg Snyder, Lynne M. Buday, Judge and Colin G. Hunter, Judge ALL THE COMMISSIONERS AND EMPLOYEES OF HEALTH DEPARTMENT DISTRICT #10 and John and Mary Doe unknown at this time, and those undetermined Wives and Husbands yet to be named, are the husbands and wives respectively of the afore-named Respondents Who are Employed as Erstwhile "public-servants"; These husbands and

wives are in effect are "Socialist- Queens/Princes", enjoying and living on the Largess and
Unlawful spoils brought home by their husbands and wife's as compensation for said
husband's or wife's Violation of their Oaths of Office and for their willing perversion of the
U.S. Constitution and the Michigan Constitution.

125.    Said husband and wife Respondents have failed, refused or neglected to protect
Complainant from the conspiracy of their husbands and wife's and said failure is intentional,
purposeful and malicious.

126.    The acts of omission of said husband and wife Respondents constitute an overt act of
conspiracy to refuse to protect Complainant.

127.    Respondent acts as heretofore complained of have caused harm and damage to
Complainant.    Said acts have caused mental and physical suffering, insomnia, worry,
financial insecurity, stress and strain in relationships, with my family, relatives and friends,
Respondents activities may have impaired Complainants credit standing.

128.    Respondents have subjected the Compliant to public ridicule and embarrassment.

129.    Respondents herein are sued in their individual and collective capacities and not as agents
of the State of Michigan or The United States.

130.    The United States or the State of Michigan cannot be substituted as a party Respondent
and the consent of the United States or the State of Michigan to be sued is not demanded.

## COUNT 7: FRAUDULENT MISREPRESENTATION

131.    Complainant repeats and realleges and incorporates by reference the allegations in
paragraphs **1 through 130** above with the same force and effect as if herein set forth. I assert
every other paragraph of this complaint into every cause of action.

132.    Respondents Lynne M. Buday, Judge and Colin G. Hunter, Judge and unknown
        Respondents intentionally made false representations of material facts to Complainant
        regarding subject matter jurisdiction.

133.    Respondent's representations were false when they were made.

134.    Respondent knew that its representations were false when they were made or it made
        them recklessly, without knowing whether they were true.

135.    Respondent intended that Complainant rely on their known false representations.

136.    As a result of Respondent's fraudulent misrepresentations, Complainant has suffered
        substantial loss of time singularly, for said public wrongs subjected said compliant to
        potential arrest inclusive financial losses due directly to public actors suppressing economic
        usage of private realty.

137.    Respondents all gain economically from any judgment imposed and paid by the
        Complainant under the color of their prescriptive scheme, wherein all jointly, and
        collectively with malice of forethought moved public wrongs imposed upon the Complainant
        under the color of Public Law, even when they know they legalistically had no constitutional
        standing to advance their public policy.

138.    All the Respondents are in the public trust business of imposing fines, fees and taxes,
        which this instant case has devolved to the low point of a singular objective, to wrongfully
        enrich the public treasury by intentionally suborning the substantive rights of the Party
        Complainant under the color of law by the use of the State Judicial Process.

139.    The Honorable David A. Hogg published an Article in the Michigan Bar Journal
        February 11th, 2011, titled "District Court Tax Farming", referred to by Chad C. Schmucker,

State Court Administrator in written correspondence[27] wherein he stipulates the judicial process has become a defacto tax funding tool to support public policy, which may be described as extraordinary fiscal collections under the color of judicial decree.

## COUNT 8: ALLEGATIONS OF LAW

140. Complainant repeats and realleges and incorporates by reference the allegations in paragraphs **1 through 139** above with the same force and effect as if herein set forth. I assert every other paragraph of this complaint into every cause of action.

141. All of the acts of the Respondents, their officers, agents, servants, and employees, as alleged herein, were conducted under color and pretense of the statutes, ordinances, regulations, customs, or usages of the Township of Clearwater and the County of Kalkaska.

142. The Deliberated public policy of wrongful training of Enforcement Officers, Supervisors and Deputies of the Sheriff's Department in the areas of understanding the laws that they are enforcing or why public officers are encouraged to violate their Constitutional Oath of Public Office, by standing a public policy which encourages a deliberated indifference to the Substantive Rights of the Complainant, by moving systemic scheme predicated upon a policy, custom, or practice lack of training and screening of employees in the law of the Township of Clearwater the State of Michigan and the County of Kalkaska for purposes of wrongfully imposing civil liability.

143. This is a civil rights Suit and not under the torts claims act.

144. Therefore, this cause of action is actionable under 42 USC §1983 for damages in Township's capacity the Counties capacities of Employer for the public capacity Defendants mentioned above, in the amounts to be determined as a matter of law.

---

27. Plaintiff Exhibit E: Chad C. Schmucker, State Court Administrator, dated May 6, 2013

## FEDERAL QUESTIONS

145.   Complainant repeats and realleges and incorporates by reference the allegations in
       paragraphs **1 through 144** above with the same force and effect as if herein set forth.  I assert
       every other paragraph of this complaint into every cause of action.

146.   1st Federal Question: When in the course of the business affairs of Defendant, coming
       against the rights belonging to Complainant, is the Defendants subject to Defendants
       Administrative procedures? Complainant contends yes, but Defendant did not.

147.   Therefore, the Complainant is entitled to injunctive relief against Defendants, to enjoin
       the Defendant from enforcing un-constitutional actions against Complainant.

148.   2nd Federal Question. Must laws ordinances enacted by the State of Michigan and
       adopted by the Defendant, be in compliance with the Michigan State Constitution of 1963?
       Complainant contends yes, but said laws have not been properly enacted by the state for the
       Defendant to adopt.

149.   Therefore, the Complainant is entitled to injunctive relief against Defendant, to enjoin the
       Defendant from enforcing un-constitutional laws against Complainant.

150.   3rd Federal Question. Must the Defendants comply with the administrative procedures
       act of the State of Michigan? The Complainant contends yes, but Defendant did not.

151.   Therefore, the Complainant is entitled to injunctive relief against Defendant, to enjoin the
       Defendant from enforcing un-constitutional actions against Complainant.

## Summary of Complaint

152.   Complainant repeats and realleges and incorporates by reference the allegations in
       paragraphs **1 through 151** above with the same force and effect as if herein set forth.  I assert
       every other paragraph of this complaint into every cause of action.

153.    In these instant questions moved here by the Complainant is to address the Constitutional

and Lawful wrongs committed by State and Local Public Actors who are moving under the

color of law to directly subordinate the Substantive Rights of this Complainant by inversely

condemning her private lands for and to public use[28].

154.    The administrative law judge Paul Smith stated unequivocally regarding Docket Number

19-00811[29] that the Department's jurisdictional authorities were controlled by Statute, which

required him to dismiss the Petition submitted by this Complainant contesting the Actions of

the Public Actors who sat the administrative hearing on December 5, 2018 under the auspices

of Public Act 368 of 1978.

155.    Paul Smith, in his sua sponte order of dismissal noted the due process protections

afforded the Complainant by addressing the Constitution of the United States for the United

States of America and the Michigan State Constitution of 1963.  These Two Constitutional

authorities were brazenly trampled upon by the Department along with its cadre of State and

Local Public Actors who knowingly chose, and continue to move this very day, to trample

under foot constitutional limitations in their corrupted pursuit of their colorful intent to

---

28. Public Act 157 of 1905 § 1:  Any township or townships, being a contiguous or adjacent territory, may acquire
by gift or devise a tract of real estate which shall be contiguous or adjacent to the territory acquiring the same
for a free public park, resort, bathing beach or other place of recreation, and may hold such real estate in fee
simple for such purposes. The supervisor of each of such townships shall comprise a board of commissioners
for the control of such park or resort and in case any such supervisor shall decline to act as such commissioner,
then the township board shall designate a member of the township board to act as such commissioner. In case
there is only 1 township interested in such park, then the township board shall be the board of commissioners.
Such commissioners shall act in that capacity during the term of office to which they were elected respectively
in their townships and until their successors are elected and qualified.

Such commission shall have authority in the name or names of the interested township or townships to condemn
land for such purpose in accordance with the condemnation laws of this state.

29. Complainant Exhibit B:  In the Matter of Petitioner of Charise Spink, April 12, 2019, Docket Number 19-00811

subordinate the Substantive Rights of this Complainant under the color of State and Local
Public Acts by constructive inverse condemnation of her private realty for public use.

156.    The Michigan State Legislature is limited to the regulation of Public Lands, which may
be implemented by legislative enactment that shall at all times stand within Constitutional
Limitations, which in this instant case has been statutorily enacted as Public Act 451 of 1994,
Public Act 368 of 1978,  Public Act 157 of 1905, and Public Act 110 of 2006.  These
regulatory authorities enacted by the State Legislature Address public rights which when
adjudicated shall sit within the administrative procedures codified in Public Act 306 of 1969
for the adjudication of public rights[30] by legislative tribunals[31].

157.    This question addresses the subordination under the color of law by Public Actors of a
Michigan State Citizen's Unalienable Rights as declared in the Fundamental Law of the
American Republic:

Declaration of Independence

IN CONGRESS, July 4, 1776

"We hold these truths to be self-evident, that all men are created equal that they are
endowed by their Creator with certain unalienable Rights, that among these are Life,
Liberty and the pursuit of Happiness.— _That to secure these rights, Governments are
instituted among Men, deriving their just powers from the consent of the governed,—"

158.    IN order to assure these substantive rights, Michigan State Citizens stand upon the lawful
fact that Michigan's State Constitutional provisions limit the reach of the State's Public
Actors inclusive of the inherent constitutional standing that said State Public Actors shall not
violate the Constitution of the United States for the United States of America and the laws

---

30. Public Act 306 of 1969 § 5 (a):  "License" includes the whole or part of an agency permit, certificate, approval,
registration, charter, or similar form of permission required by law.

31. **Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856)**

enacted there under. These State and Federal Constitutional limitations imposed upon Appointed and Elected State Officers sitting in the Public Trust who administer the laws enacted within constitutional limitations assures Michiganders that the State's Public Actors will address all Citizens equally under the law, to assure that a Michigan State Citizens' God Given Rights to Life, Liberty and Property will not be subordinated under the color of the Constitutionally Constituted Michigan State Legislature's Public Enactments.

159.    The Michigan State Constitution of 1963 clearly states in Article X § 5, that "The legislature shall have general supervisory jurisdiction over all state owned lands useful for forest preserves, game areas and recreational purposes; . . ."

160.    The Michigan State Constitution of 1963, states in Article VII, that the Legislature may enumerate by legislative enactment the lawful authorities of all Local Units of Government, which shall be a body corporate, and or municipal authority. The legislatively enacted Municipal authorities shall first and always stand within the constitutional limitations as clearly prescribed within the limiting provisions of the Michigan State Constitution of 1963, and the Constitution of the United States for the United States of America.

161.    The State Legislature is a creature of its constitutional limitations which substantiates its legislative enactments shall not subordinate the Substantive Rights of Michiganders or conflict with the takings clause of the Fifth Amendment[32] which in this instance questions, is an action of **inverse condemnation** collectively and singularly moved by Officers of the Public Trust, in a conspiratorial act to take hold of private real property in this instant case under the color of State Constitutional[33] law for public use.

---

32. Constitution of the United States for the United States of America, Fifth Amendment

33. Michigan State Constitution of 1963 Article X § 2: Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law.

162. This Constitutional issue dates to the January 18, 2018 Notice issued by the District Health Department #10 on direction of the Department of Environmental Quality to be issued to the Complainant Charise Spink. This Notice dated January 18, 2018 was issued as a Cease Deceit Notice alleging the Complainant's private real property sat within the jurisdictional authority of the Department of Environmental Quality.

163. The Department of Environmental Quality, now operating as the Department of Environment, Great Lakes and Energy, hereafter the "Department" is the instigator of this unconscionable scheme to illegally impose its statutory authority by intentionally violating its known legal reach.

164. The practiced hand of unbridled accountability is the hallmark of the Department's public actors who work in concert with local unit of governments, and the State's judicial Officers to trespass the Substantive Rights of this Complainant in known violation to the very laws and regulations they portend have lawful standing to impose upon private lands here in the lands of the Wolverine. Public Claims moved in this instance case, moved under the Color of State Law in known lawful contravention to State Constitutional authorities by Public Actors to wantonly breach the Substantive Rights of this Complainant in their Machiavellian Scheme to inversely condemn private property for public use by wrongful administrative action that violates the Department's legal standing.

165. The Department coordinated its unconstitutional scheme first with Kalkaska County's Health Department, known as District Health Department #10 who it directed to issue the January 18th, 2018 Cease and Desist Notice to this Complainant. This illicitly issued Notice dated January 18th, 2018, was openly copied to the Clearwater Township Clerk[34].

---

34. Complainant Exhibit C: District Health Department #10, Administrative Notice dated January 18, 2018

166. Secondly the Department then moved a second Notice date March 12, 2018 in its own name, issued as a "Violation Notice and cease and Desist Order for unlicensed campground at 7402 Round Lake Road NW, Rapid City, Clearwater Township, Kalkaska County"[35]. This Administrative Notice was openly copied to Three Clearwater Township Public Actors[36], Five Kalkaska County Public Actors[37] and Four State Public Actors[38]; all who collectively and singularly failed to acknowledge that said Notice violated the substantive rights of this Complainant.

167. The Department's authority is constitutionally articulated in the Michigan State Constitution of 1963 Article X § 5, and statutorily implemented in Public Act 451 of 1994, where this constitutional reach is clearly defined in § 301 (i).

168. The State of Michigan owns approximately 4.526 million acres[39] which is its "public domain". The lands of the Complainant are not leased from the State, nor owned by the State. The lands of this Complainant are her private realty.

169. The Intent of the Public Actors of the Department is shown by the issuance of its Two Administrative Notices issued during the first 71 days of the 2018 Calendar Year, which was to overtly conspire with the local unit of government public actors by moving under the color of State Law to inversely condemn this Complainant's private realty by moving an

---

35. Complainant Exhibit D:  Department of Environmental Quality, Administrative Notice dated March 12, 2018

36. Mr. Adam Parzych, Clearwater Township Zoning Administrator, Mr. Larry Niederstadt, Clearwater Township Supervisor, Ms. Kathy Eldridge, Clearwater Township Clerk

37. Mr. Bill Hiller, Kalkaska Building Authority and plumbing Inspector, Mr. Roger Pricard, Kalkaska County Electrical Inspector, Mr. Thomas Reichard, Environmental Health Director, DHD10, Mr. Matt Fournier, DHD10, Mr. K/e Anderson, DHD10

38. Mr. Jeremy Hoeh, DEQ, Ms. Sue Maul, DEQ, Mr. David Graves, DEQ

39. Michigan Department of Natural Resources, Public Land Managed by the DNR: https://www.michigan.gov/dnr/0,4570,7-350-79136_79262---,00.html

unconstitutional administrative takings, for only lands within the Public Domain shall fall within the administrative sphere of the State of Michigan.

170.    Accepting the Notice issued first by the District Health Department #10, Clearwater Township Public Actors moved under the color of Public Act 110 2006 to unconstitutionally trespass the lands of the Complainant .

171.    This illegal action was moved as an administrative trespass by the Clearwater Township Public Actors under the color of law.  This illicit action was preceded by an improperly issued notice which was delivered by the United States Postal Service, wherein said written notice was moved by the hand of Adam Parzych on or about February 27, 2018[40] to this Complainant claiming violations of the Local Zoning Ordinace#16. This Notice addressing public rights issued on February 27, 2018 by the local Public Actor Adam Parzych, was his colorful act that he knowingly stood in support of the January 18, 2018 Notice issued by the District Health Department #10, which was copied to the said public actor.

172.    It is clearly written in the Michigan State Constitution of 1963 Article X § 5 that the state's regulatory authority addressing realty which sits exclusively within the public domain. This substantive limitation is secondly addressed in the Michigan State Constitution of 1963 Article IV § 52[41] which reiterates the regulatory sphere of the State addressing the conservation of natural resources.  The administrative scope of these two comingling constitutional authorities was codified in Public Act 451 of 1994 and Public Act 110 of 2006.

---

40. Complainant Exhibit A:  Clearwater Township Notice dated February 28, 2108

41. Michigan State Constitution of 1963 Article IV § 52: The conservation and development of the natural resources of the state are hereby declared to be of paramount public concern in the interest of the health, safety and general welfare of the people. The legislature shall provide for the protection of the air, water and other natural resources of the state from pollution, impairment and destruction.

173. The Michigan Court addressed this Constitutional application of statutory authority in

York v Detroit 438 Mich 734 (1991):

> While an administrative agency may make such rules and regulations as
> are necessary for the efficient exercise of its powers expressly granted, "`an
> administrative agency may not, under the guise of its rule-making power, abridge
> or enlarge its authority or exceed the powers given to it by the statute, the source
> of its power,'" quoting California Drive-In Restaurant Ass'n v Clark, 22 Cal 2d
> 287, 302-303; 140 P2d 657 (1943).

174. The Department working in conspiratorial concert with Local Units of Government has

adopted customs, policies and practices in violation to the Constitutional and Statutory Laws

of Michigan. These corrupted administrative practices that violate the Michigan State and

Federal Constitutions and the laws enacted in pursuance thereof of said authorities, as shown

in the Court of Lynne M. Buday AND Colin G. Hunter are advanced with the complicit

support of State Judicial officers who defy constitutional limitations by enabling corrupted

administrative claims under the color of Public Laws to be perfect upon the floors of their

respective judicial jurisdictions.

175. These corrupted administrative practices regarding the regulation of private rights under

the color of the Public Domain regulatory authority to administer licensed public rights dates

back to Village of Euclid v Ambler Realty, 272 US 365 (1926), where on page **387** the Court

showed how bad case dicta leads to the corrupted practices of the aforementioned Michigan

Public Actors this day. Public Actors here in Michigan, whose customary public policy, is

the corrupted practices of violating Public Acts, from wherein said Actors see no wrong in

violating the very authorities they swore in compliance to their Public Oath of Office[42], never

to suborn under the color of law:

---

42. Michigan State Constitution of 1963 Article X! § 1:  All officers, legislative, executive and judicial, before
entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I
do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of

> "And in this there is no inconsistency, for, while the meaning of
> constitutional guaranties never varies, the scope of their application must expand
> or contract to meet the new and different conditions which are constantly coming
> within the field of their operation. In a changing world, it is impossible that it
> should be otherwise. But although a degree of elasticity is thus imparted not to
> the *meaning,* but to the *application* of constitutional principles, statutes and
> ordinances which, after giving due weight to the new conditions, are found clearly
> not to conform to the Constitution of course must fall."

176.    The Constitution of the United States for the United States of America does not have a

**judicial elasticity clause** (emphasis added), nor does the Michigan State Constitution of

1963. Justice George Sutherland, who wrote the majority opinion in Village of Euclid in

1926, sat the pattern of constitutional elasticity used to suborn private rights under the color

of the Public Domain's statutory reach that was advanced 92 years later, first on the floor of

Lynne M. Buday's Court and subsequently supported on the floor of Colin G. Hunter's Court

in appeal.

177.    On June 21, 2019, the Court acknowledged in <u>Knick v Township of Scott Pennsylvania</u>[43],

that <u>Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473</u>

<u>U. S. 172 (1985)</u> was not a proper judicial application for addressing Substantive Rights.

178.    This precedent case dicta issued by the Court in 1985, precluded the State Citizen from

addressing the State's wrongs in the Federal Court, for the Court would bar the claim by

giving preclusive effect to the State court's decision by invoking Title 28 USCA Part IV §

1738 as its controlling limitation,

179.    This legalistic bogeyman of poor judicial reasoning is clearly evident in the precedent set

by Justice George Sutherland 92 years past on behalf of the Village of Euclid Ohio's Public

Zoning Enactment, wherein by his hand, he judicially implemented an elasticity clause

---

this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability.
No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

43. <u>Knick v Township of Scott Pennsylvania et. Al, June 21, 2019, No. 17–647</u>

wherein by judicial decree any constitutional limitation may be amended under the color of the judicial bench. This 92 year old case Federal Court Case dicta is the baseline for erroneously advancing the public rights regulatory reach by State Public Actors here in Michigan, under the color of Public Act 110 of 2006 in a concerted effort by officers of the public trust to constructively envelope the private realty of this Complainant within the Public Domain, all in direct violation to the Michigan State Constitution, and Public Acts enacted in conformity thereof.

## Conclusion,

180.    That is an action of inverse condemnation of private realty for public use, knowingly moved by Public Actors, who initiated these unlawful administrative actions under the Color of State Law, with the initial submission of an improper Notice by District Health Department #10 at the direction of the Department, to Exact the Complainant's Substantive Rights by a cadre of conspiratorial Public Officers moving in direct violation to Constitutional Provisions, and the Michigan State Public Acts enacted in conformity thereof.

181.    Therefore, the Complainant is entitled to injunctive relief against Defendant, to enjoin the Defendant from enforcing un-constitutional laws against Plaintiff.

## Prayer for Relief

**WHEREFORE**, Complainant demands Judgment, including interest, against all defendants, jointly and severally and individually, for actual, general, special, compensatory damages in the amount of $5,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

Declare that Respondents violated Complainants' constitutional rights as set forth in this Complaint;

Or in the alternative declare;

I. Complainant demands for each and every count Against all the Respondents individually, jointly and severally, for actual, general, special, compensatory damages in amounts to be determined as a matter of law, and further demands judgment against each of said Respondents, jointly and severally, for punitive damages (1) in the amounts to be determined as a matter of law, inclusive of the costs of this action, including attorney's fees, consultation fees and such other relief deemed to be just and equitable.

    (1) "Punitive damages are recoverable in sec. 1983 suit where Respondent's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to Complainant's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, *supra* at 355

II. Order, Complainant demands on all issues to be decided by the **Jury Demanded**;

III. Order, If Respondents move to dismiss this suit, Complainant Demands that it be heard by the **Jury Demanded**, and only be dismissed if the Jury considers it lacks merit.

IV. Order all damages shall be payable to Complainant in Constitutional Lawful Money redeemable in gold or silver coin as set forth in Article 1 Sec. 10 of the constitution IN THE ALTERNATIVE COMPLAINANT MAY ACCEPT FRN'S.

V. Injunctive Relief:

    (1) Order that the DNR, DEQ, DHG#10, Clearwater Township not to trespass private properties of the Complainant.

           (2)  Order the Township to dismiss with prejudice the Order generated and signed by

               Judge Buday.


VI.      Compensatory Damages to be determined in amounts at law.

      For compensatory damages sufficient to compensate Complainant for her mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendants' actions.

           (1)  Exemplary Damages: determined in amounts at law.

VII.     For exemplary damages to be determined in amounts at law from the enforcement officer who wrote the citations.

VIII.    For exemplary damages be determined in amounts at law from the agencies that employed the DNR officers who trespassed twice and be determined in amounts at law from each officer.

IX.      Order District Health Department #10 to be determined in amounts at law per county in the district #10.

X.       I ask this Honorable Court for declaratory relief in all regards.

           (1)  Attorney Fees, Witness Fees, Consultation Fees and Costs to bring this suit.

XI.      Complainant further demands for such other relief as the Court may deem appropriate. In addition Complainant prays such other and further relief as to the jury demanded in this case shall appear just.

XII.     **Jury Demand.**  I demand a jury.


Exhibits Attached:    A thru E

Respectfully submitted

/s/ _Charise Spink_

Charise Spink, Pro Se, a Legal Woman

## **COMPLAINANT'S VERIFICATION**

The undersigned, being duly sworn, deposes and says that I am the Complainant and the Affidavit of facts herein, I Charise Spink have read the foregoing pleading filed on my behalf, and the facts stated therein are true and correct to the best of my knowledge and belief.

25 October 2019  /s/ _Charise Spink_

Charise Spink, Legal Woman

Subscribed and sworn to before me, this 25 day of October 2019.

/s/ _Andrew Emery_

Notary Public

**ANDREW EMERY**
**Notary Public – State of Michigan**
**County of Antrim**
**My Commission Expires March 27, 2026**
Acting in the County of _Antrim_

seal

