UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Charise Spink,

        Complainant,

v.

Mike Gaylord, Supervisor, Clearwater
Township, Clearwater Township, a
Michigan Municipality, Kathy Eldridge,
Clerk, Clearwater Township, Barbara
Crambell, Treasurer, Clearwater
Township, Greg Bradley, Trustee,
Clearwater Township, Jeremy Morrison,
Trustee, Clearwater Township, Adam
Parzych, Zoning Enforcement, Clearwater
Township, Greg Snyder, ZBA, Clearwater
Township, Kyle Beaver, Deputy Sheriff
Kalkaska County, Lynne M. Buday,
District Court Judge, Colin G. Hunter,
Circuit Court Judge, Pro Tem, Young,
Graham & Wendling, PC, a professional
Corporation, Nicole E. Essad, counsel for
Clearwater Township, James Sweet,
Kalkaska County Commissioner, Patty
Cox, Kalkaska County Commissioner,
Kevin Hughes, District Health Dept. #10,
Matt Fournier, District Health Dept. #10,
Thomas Reichard, District Health
Dept.#10, The Board of Health, District
Health Dept. #10, Phil Lewis, Board of
DHD #10, Shelly Pinkeiman, Board of
DHD#10, Betty Dermyer, Board of
DHD#10, Dawn Martin, Board of
DHD#10, Pauline Jaquish, Board of
DHD#10, Richard Schmidt, Board of
DHD#10, Steven Hull, Board of DHD#10,
Charles Lange, Board of DHD#10, Tom
O'Neil, Board of DHD#10, Ray Steinke,
Board of DHD#10, Roger Ouwinga,
Board of DHD#10,, Huber Zuidrveen,

Case No. 19-cv-900

HON. PAUL L. MALONEY

**BRIEF IN SUPPORT OF MOTION
SEEKING DISMISSAL UNDER FED. R.
CIV. P. 12(b)(1) AND 12(b)(6) BY
DEFENDANTS DEPUTY KYLE
BEAVER, JUDGE LYNN BUDAY, AND
JUDGE COLIN HUNTER**

Board of DHD#10, Bryan Koik, Board of
DHD#10,, Jim Maike, Board of DHD#10,,
Martha Meyette, Board of DHD#10,
Denny Powers, Board of DHD#10, Judy
Michois, Board of DHD#10, Gary L.
Taylor, Board of DHD#10, Holly Pennioni,
DNR Law Enforcement Division, Chris
Bowen, DNR Law Enforcement Division,
Gary Hagler, Chief DNR Law
enforcement Division John and Mary Doe
unknown at this time

Charise Spink
Pro Se
7528 Blak Ave., N.W.
Rapid City MI  49676
231-347-0008

Bradley D. Wierda
Smith & Johnson Attorneys PC
Attorney for Mike Gaylord, Clearwater
Township, Kathy Eldridge, Barbara
Crambell, Greg Bradley, Jeremy
Morrison, Adam Parzych, Greg Snyder
603 Bay St.
P.O. Box 705
Traverse City MI  49685
231-946-0700
bwierda@smith-johnson.com

Andrew J. Brege (P71474)
ROSATI, SCHULTZ, JOPPICH, &
AMTSBUECHLER, P.C.
Attorneys for Defendants Health Department
Board Members
822 Centennial Way, Suite 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants Kyle Beaver,
Deputy Sheriff Kalkaska County; Lynn M.
Buday, District Court Judge, and Colin G.
Hunter, Circuit Court Judge
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

David C. Anderson (P55258)
Collins Einhorn Farrell PC
Attorney for Young, Graham & Wendling,
PC and Nicole E. Essad
4000 Town Ctr., Ste. 909
Southfield MI  48075
248-355-4141
David.anderson@ceflawyers.com

Michael I. Conlon (P43954)
Running, Wise & Ford, PLC
Attorney for Defendant Catherine D.
Jasinski
326 E. State Street, P.O. Box 686
Traverse City, MI 49685-0686
(231)946-2700
mic@runningwise.com

**BRIEF IN SUPPORT OF MOTION SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6) BY DEFENDANTS DEPUTY KYLE BEAVER, JUDGE LYNN BUDAY, AND JUDGE COLIN HUNTER**

**TABLE OF CONTENTS**

Index of Authorities……………………………………………………………..……………iv

Statement of Issues Presented………………………………………………..……………..viii

Statement of Facts……………………………………………………………………………1

Standard of Review……………………………………………………………………..………2

Argument…………………………………………………………………………………………3

I. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint Because Plaintiff's Claims Are Barred by the ***Rooker-Feldman*** Doctrine……………………………………………………..…………..3

II. Plaintiff's Claims Are Barred By the Doctrine of Res Judicata……………..…………4

III. Plaintiff Has the Burden to Plead Plausible Claims…………………………….......…4

IV. Plaintiff Failed to Plead Facts Stating Plausible Federal Law Claims Against Judges Buday and Hunter Outside the Scope of Their Absolute Judicial Immunity………………………………………………………………….5

V. Plaintiff Failed to Plead Facts Stating Plausible Federal Law Claims Against Deputy Beaver, Judge Buday, and Judge Hunter Outside the Scope of Their Qualified Immunity………………………………………….…………7

VI. Plaintiff Failed to State Any Cognizable State Law Claim Against Deputy Beaver, Judge Buday, and Judge Hunter Outside the Scope of Their Governmental Immunities……………………………………………………13

Conclusion and Relief Requested…………………………………………………………16

## <u>INDEX OF AUTHORITIES</u>

### <u>Cases</u>

*16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*,
727 F.3d 502, 504 (6th Cir. 2013)……………………………………………..……2

*Adair v. Michigan*,
470 Mich. 105, 121; 680 NW2d 386 (2004)………………………………………..…..4

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)……………………………………………………..……4

*Bauss v. Plymouth Twp.*,
233 Fed. Appx. 490, 500 (6th Cir. 2007)……………………………………………12

*Binay v. Betterdorf*,
601 F.3d 640, 650 (6th Cir. 2010)………………………………………………..……8

*Bowers v. City of Flint*,
325 F.3d 758, 763 (6th Cir. 2003)………………………………………………………1

*Brookings v. Clunk*,
389 F.3d 614, 617 (6th Cir. 2004)………………………………………………..……6

*Buck v. Thomas M. Cooley Law School*,
597 F.3d 812, 816 (6th Cir. 2010)………………………………………………..……4

*Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*,
470 F.3d 286 (6th Cir. 2006)………………………………………………………9

*Cooper v. Parrish*,
203 F.3d 937, 944 (6th Cir. 2000)………………………………………………..5

*D'Ambrosio v. Marino*,
747 F.3d 378, 383 (6th Cir. 2014)………………………………………2, 5, 7, 8

*Diehl v. Danuloff*,
242 Mich. App. 120, 128; 618 N.W.2d 83 (2000)………………………………..……13

*Exxon Mobile Corp. v. Saudi Indus. Corp.*,
544 U.S. 280, 284 (2005)………………………………………………………3

*Frank v. Dana Corp.*,
547 F.3d 564, 569-70 (6th Cir. 2008)………………………………………..……15

*Hamilton v. City of Romulus*,
409 Fed. Appx. 826, 835-36 (6th Cir. 2010)…………………………………….……12

*Harlow v. Fitzgerald*,
457 U.S. 800, 818 (1982)……………………………………………………………..…8

*Hayerman v. County of Calhoun*,
680 F.3d 642, 647 (6th Cir. 2012)………………………………………………….……7

*Henry v. Metro. Sewer Dist.*,
922 F.2d 332, 341 (6th Cir. 1990)……………………………………………..………10

*Hooks v. Hooks*,
771 F.2d 935, 943-44 (6th Cir. 1985)……………………………………………………12

*Hord v. Envtl. Research Inst. of Mich.*,
463 Mich. 399; 617 N.W.2d 543 (2000)………………………………………………14

*Ireland v. Tunis*,
113 F.3d 1435, 1441 (6th Cir. 1997)………………………………………………………6

*Jocham v. Tuscola County*,
239 F. Supp. 2d 714, 729 (E.D. Mich. Jan. 7, 2003)………………………………………11

*Johnson v. City of Southfield*,
2019 WL 130291 No. 18-12348 (E.D. Mich. Jan. 8, 2019)………………………………3

*Johnson v. Turner*,
125 F.3d 324, 334 (6th Cir. 1997)………………………………………………………6

*Jones v. Bock*,
549 U.S. 199, 215 (2007)……………………………………………………………..….2

*Jones v. Powell*,
462 Mich. 329, 335-37; 612 NW2d 261 (2001)……………………………………….....15

*Krajick v. Justin*,
991 F. Supp. 875, 876-78 (E.D. Mich. 1998)……………………………………………5

*Lake v. Granhold*,
No. 08-cv-572, 2008 WL 724162 at *2 (W.D. Mich. Mar. 17, 2008)……………….…...11

*Lanman v. Hinson*,
529 F.3d 673, 684 (6th Cir. 2008)………………………………………………..………8

*Lawrence v. Welch*,

531 F.3d 364, 368 (6th Cir. 2008)…………………………………………………………..3

*Lewis v. Green*,
629 F. Supp. 546, 554 n. 14 (D.D.C. 1986)………………………………….………11

*Krajicek v. Nichols*,
No. 98-1878, 1999 WL 991252 at *2 (6th Cir. Sept. 28, 1999)……………………………5

*Scheiner v. Bloomberg*,
No. 08-cv-9072, 2009 WL 691449 at *9 (S.D.N.Y. Mar. 17, 2009)………………………11

*Livermore ex rel. Rohm v. Lubelan*,
476 F.3d 397, 403 (6th Cir. 2007)………………………………………………………..8

*Marcilis v. Township of Redford*,
693 F.3d 589, 596-97 (6th Cir. 2012)…………………………………………..………9

*Marilyn Froling Revocably Living Trust v. Bloomfield Hills Country Club*,
283 Mich. App. 264, 295; 769 NW2d 243 (2009)……………………………………....11

*Marr v. Jones*,
No. 07-cv-01201, 2010 WL 1997170 (W.D. Mich. Mar. 4, 2010)…………………………11

*McCormick v. Braverman*,
451 F.3d 382, 393 (6th Cir. 2006)………………………………………………..………3

*Mechler v. Hodges*,
No. 02-948, 2005 WL 1406102 at * 20-21 (S.D. Ohio June 15, 2005)……………..……11

*Mireles v. Waco*,
502 U.S. 9, 10 (1991)……………………………………………………………....6

*Mitchell v. Forsyth*,
472 U.S. 511, 526 (1985)……………………………………………………………..5

*Mullenix v. Luna*,
136 S. Ct. 305, 308 (2015)……………………………………………………………..8

*Odom v. Wayne County*,
482 Mich. 459, 479-80; 760 N.W.2d 217 (2008)………………………………………13, 14

*Pearson v. Callahan*,
555 U.S. 223, 232 (2009)…………………………………………………………5, 8

*Riverview Health Institute, LLC v. Medical Mutual of Ohio*,
 601 F.3d 505, 512 (6th Cir. 2010)…………………………………………………..……..2

***Robertson v. Lucas***,
753 F.3d 606, 615 (6th Cir. 2014)…………………………………………….……7, 8

***Smith v. Dept of Public Health***,
428 Mich. 540; 410 NW2d 749 (1987)………………………………………………15

***Stump v. Sparkman***,
435 U.S. 349, 362 (1978)………………………………………………….………..6

***Sutton v. Cleveland Bd. of Ed.***,
958 F.2d 1339, 1350 (6th Cir. 1990)…………………………………….……….10

***Taylor v. Barkes***,
135 S. Ct. 2042, 2044 (2015)………………………………………………………7

***Warren v. City of Athens***,
411 F.3d 697, 707-08 (6th Cir. 2005)……………………………………………9

***Wiley v. Oberlin Police Dept.***,
330 Fed. Appx. 524, 530 (6th Cir. 2009)…………………………………………12

## Statutes

M.C.L. 600.8301(1)……………………………………………………….……7

M.C.L. 600.1407(2)…………………………………………………….……..13

M.C.L. 691.1407(5)………………………………………………………….13

## Rules

MCR 7.103(A)………………………………………………………………...7

## STATEMENT OF THE ISSUES PRESENTED

I. DOES THIS COURT LACK SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT WHERE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS DEPUTY BEAVER, JUDGE BUDAY, AND JUDGE HUNTER ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE?

    Plaintiff Spink answers "no."

    Defendants Beaver, Buday, and Hunter answer "yes."

II. ARE PLAINTIFF'S CLAIMS BARRED BY THE DOCTRINE OF RES JUDICATA?

    Plaintiff Spink answers "no."

    Defendants Beaver, Buday, and Hunter answer "yes."

III. HAS PLAINTIFF CHARISE SPINK PLEADED FACTS TO STATE FEDERAL CLAIMS AGAINST JUDGES BUDAY AND HUNTER OUTSIDE THE SCOPE OF THEIR ABSOLUTE JUDICIAL IMMUNITY?

    Plaintiff Spink will answer "yes."

    Defendants Beaver, Buday, and Hunter answer "no."

IV. HAS PLAINTIFF CHARISE SPINK PLEADED FACTS TO STATE FEDERAL CLAIMS AGAINST DEPUTY BEAVER, JUDGE BUDAY, AND JUDGE HUNTER OUTSIDE THE SCOPE OF THEIR QUALIFIED IMMUNITY?

    Plaintiff Spink will answer "yes."

    Defendants Beaver, Buday, and Hunter will answer "no."

V. HAS PLAINTIFF CHARISE SPINK PLEADED FACTS TO STATE CLAIMS UNDER STATE LAW AGAINST DEPUTY BEAVER, JUDGE BUDAY, AND JUDGE HUNTER OUTSIDE THE SCOPE OF THEIR GOVERNMENTAL IMMUNITIES?

    Plaintiff Spink will answer "yes."

    Defendants Beaver, Buday, and Hunter will answer "no."

## INTRODUCTION

Plaintiff Charise Spink alleges various § 1983 claims against numerous state and local officials. As best as can be discerned, Plaintiff claims inverse condemnation of her property after Clearwater Township initiated a municipal ordinance violation action and the Michigan Department of Environmental Quality[1] issued two cease and desist letters regarding her operation of a campground without a permit. Plaintiff's complaint fails to state any cognizable claim against Defendants Kalkaska Sheriff's Deputy Beaver, 46th District Court Judge Lynn Buday, and Kalkaska County Circuit Court Judge Colin Hunter. Thus, Plaintiff's complaint against them must be dismissed.

## STATEMENT OF FACTS

Plaintiff Charise Spink owns "real estate" in Clearwater Township in Kalkaska County. **(ECF No. 1, PageID.16, ¶ 73).** Plaintiff operated a campground on that property without the required permit in violation of state law and local ordinance. **(ECF No. 1-2, PageID.46-52).** As a result, Clearwater Township initiated a civil infraction ordinance violation in the district court, which Plaintiff appealed to the circuit court. **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4, 12-13, 88, 93-94, 100, 105, 109, 113, 118, 124, 132, 174, 176).**

Plaintiff vaguely complains of actions by Judges Buday and Hunter in the course of those proceedings before them. **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4, 12-13, 88, 93-94, 100, 105, 109, 113, 118, 124, 132, 174, 176).** At the same time, Plaintiff makes no substantive allegations of fact regarding Deputy Beaver at all. Plaintiff

---

[1] Now known as the Department of Environment, Great Lakes, and Energy.

has failed to state any cognizable claim outside the scope of these Defendants' immunities.

## STANDARD OF REVIEW

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint." ***Riverview Health Institute, LLC v. Medical Mutual of Ohio***, 601 F.3d 505, 512 (6th Cir. 2010). "[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." ***Id.*** "Immunity is among these affirmative defenses." ***Jones v. Bock***, 549 U.S. 199, 215 (2007).

The reviewing court must generally accept all factual allegations of the complaint as "true," but the Court need not accept as true "legal conclusions or unwarranted factual inferences." ***D'Ambrosio v. Marino***, 747 F.3d 378, 383 (6th Cir. 2014). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim. ***Id.***

The reviewing court should also remain cognizant that "[d]iscovery imposes costs—not only on defendants but also courts and society." ***16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.***, 727 F.2d 502, 504 (6th Cir. 2013). A case should be dismissed without discovery, "when there is no reasonable likelihood that [the plaintiff] can construct a claim from the events related in the complaint." ***Id.***

## ARGUMENT

**I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.**

The *Rooker-Feldman* doctrine bars lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But the doctrine does not apply to claims that are independent of the state court's judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008).

The relevant inquiry in determining whether a claim falls within the scope of *Rooker-Feldman* "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "[I]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id.* If there is some other source of injury, such as the actions of a third party, then the plaintiff asserts an independent claim. *Id.*

Plaintiff appears to allege constitutional violations arising out of state court decisions by Judges Buday and Hunter in the 46th District and Kalkaska County Circuit Court. **(ECF No. 1, PageID.14-15, 20-21, 25, 39 ¶¶ 61, 65, 88, 93-94,109, 174).** Plaintiff complains of injuries from state court judgments, which triggers the *Rooker-Feldman* jurisdictional bar. See *Johnson v. City of Southfield*, 2019 WL 130291 No. 18-12348 (E.D. Mich. Jan. 8, 2019). Thus, this Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA.*

Even apart from the lack of subject matter jurisdiction, Plaintiff's claims are nevertheless barred by the principles of *res judicata.* "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." ***Buck***, 597 F.3d at 816-17. Michigan follows a "broad approach to the doctrine of res judicata," under which the doctrine "bars not only claims already litigated but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." ***Adair v. Michigan***, 470 Mich. 105, 121; 680 NW2d 386 (2004). Specifically, "[t]he doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involved the same parties or their privies, and (3) the matter in the second case was, or could have been resolved in the first." ***Id.*** (Emphasis Added).

As best as can be discerned from Plaintiff's complaint, the district court and Kalkaska County Circuit Court ruled on the merits regarding Plaintiff's civil infraction action. Plaintiff could have asserted her constitutional claims in that case. Litigation in the present case of such claims that "could have been" asserted in the state-court civil infraction action, are barred by *res judicata.*

## III. PLAINTIFF SPINK HAS THE BURDEN TO PLEAD PLAUSIBLE CLAIMS.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to state a claim for relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, (2009). A claim is "plausible" only "when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." ***Id.***

Again, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383. A plaintiff cannot defeat a dismissal motion and "unlock the doors of discovery," if "armed with nothing more than mere conclusions." *Iqbal*, 556 U.S. at 679. Thus, the plaintiff must plead "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* "A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

The Supreme Court has also "stressed the importance of resolving immunity questions at the earlier possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Unless a plaintiff has stated a valid claim, a defendant claiming immunity "is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

## IV. PLAINTIFF FAILED TO PLEAD FACTS STATING PLAUSIBLE FEDERAL LAW CLAIMS AGAINST JUDGES BUDAY AND HUNTER OUTSIDE THE SCOPE OF THEIR ABSOLUTE JUDICIAL IMMUNITY.

"Judicial officers generally are absolutely immune from civil suits for monetary damages under § 1983 for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). State judges are absolutely immune from § 1983 suits arising out of their performance of judicial functions. *Briscoe v. LaHue*, 460 U.S. 325 (1983). This immunity extends to state district court judges in the performance of their judicial acts. *Krajick v. Justin*, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998).

Judicial immunity can only be overcome for nonjudicial actions, "i.e., actions not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in

complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). An act is judicial in nature when "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Plaintiff does not plausibly allege any act by Judges Buday and Hunter that are not "judicial." Instead, Plaintiff alleges actions by Judges Buday and Hunter taken during the course of court proceedings before them involving Plaintiff's civil infraction violation for operating a campground without a permit. **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4, 12-13, 81, 88, 93-94, 100, 105, 109, 113,118 124, 132, 174,176).** Thus, the first exception to judicial immunity does not apply.

The second exception is also inapplicable. For the exception to apply, a judge must have acted "in the clear absence of all jurisdiction," as opposed to merely "in excess of authority." *Tunis v. Ireland*, 113 F.3d at 1441. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

Plaintiff makes several unsupported legal conclusions regarding jurisdiction. Plaintiff alleges that Judges Buday and Hunter did not have "authority" or "legal standing." **(ECF No. 1, PageID.20, ¶ 88).** Plaintiff alleges that "jurisdiction is VOID" in the District Court over a "civil infraction" "without a finding of facts, conclusion of law, and final determination from the court of original jurisdiction, the legislative agency sitting as Clearwater Township." **(ECF No. 1, PageID.21, ¶ 93).** Plaintiff further alleges that Judges

Buday and Hunter "clearly lacked constitutional jurisdiction." **(ECF No. 1, PageID.21, ¶ 94).** But Plaintiff provides no factual allegations to support those legal conclusions which need not be accepted as true for purposes of this motion. *D'Ambrosio*, 747 F.3d at 383.

In fact, Plaintiff's allegations suggest that Judges Buday and Hunter had jurisdiction over Plaintiff's civil infraction violation and appeal. **(ECF No. 1, PageID.20, 40, ¶¶ 93-94, 176; ECF No. 1-2, PageID.46).** MCL 600.8301(1) provides that "the district court has jurisdiction over civil infraction actions." Further, "[t]he circuit court has jurisdiction of an appeal of right filed by an aggrieved party from . . . a final judgment or final order of a district or municipal court." MCL 7.103(A). Plaintiff has not pleaded any facts to support her legal conclusion that Judges Buday and Hunter lacked jurisdiction. Thus, Plaintiff has failed to state a claim outside the scope of Judges Buday and Hunter's absolute judicial immunity.

**V. PLAINTIFF FAILED TO PLEAD FACTS STATING PLAUSIBLE FEDERAL LAW CLAIMS AGAINST DEPUTY BEAVER, JUDGE BUDAY, AND JUDGE HUNTER OUTSIDE THE SCOPE OF THEIR QUALIFIED IMMUNITY.**

The "critical aspect" of a federal civil rights claim against an individual officer is that the plaintiff "must demonstrate that each individual government-official defendant, through the official's own individual actions, has violated the Constitution." ***Robertson v. Lucas***, 753 F.3d 606, 615 (6th Cir. 2014). A defendant's "[p]ersonal involvement is necessary" to establish liability. ***Hayerman v. County of Calhoun***, 680 F.3d 642, 647 (6th Cir. 2012).

Moreover, "[q]ualified immunity shields government officers from civil damage liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." ***Taylor v. Barkes***, 135 S. Ct. 2042,

2044 (2015). "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A right is "clearly established" where existing case law precedents demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Qualified immunity covers "mistakes in judgment, whether the mistake is one of fact or one of law." *Pearson*, 555 U.S. at 231.

"When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007). "Simply put, to establish liability and overcome a qualified immunity defense, an individual must show that his or her own rights were violated, and that the violation was committed personally by the defendant." *Robertson*, 753 F.3d at 615 (Emphasis in Original). "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Betterdorf*, 601 F.3d 640, 650 (6th Cir. 2010).

### A. Plaintiff Makes No Allegations of Personal Action by Deputy Beaver.

A plaintiff asserting "claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Again, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio*, 747 F.3d at 383.A

defendant against whom a plaintiff fails to make such particular allegations is entitled to have the plaintiff's claims against him or her dismissed. ***Marcilis v. Township of Redford***, 693 F.3d 589, 596-97 (6th Cir. 2012).

Plaintiff's complaint is completely devoid of any allegation of personal action by Deputy Beaver at all. **(ECF No. 1, PageID.1-44).** Plaintiff's complaint either refers to unidentified "public actors" as a collective whole or to Defendants other than Deputy Beaver. Plaintiff pleads no allegations of substantive fact against Deputy Beaver at all. On this basis, Plaintiff has failed to state any cognizable federal claim against Deputy Beaver.

### B. Plaintiff Failed to Allege Any Actions by Judges Buday and Hunter That Violated Her Constitutional Rights.

#### 1. Due Process.

Plaintiff vaguely asserts that Defendants violated her "due process" rights. **(ECF No. 1, PageID.25-27, ¶¶ 107-113).** To the extent Plaintiff asserts a procedural due process claim, she must allege that she was deprived of a property interest and that she was not provided adequate due process. ***Warren v. City of Athens***, 411 F.3d 697, 707-08 (6th Cir. 2005). Due process requires that prior to the termination of a protected interest, the state must give notice and an opportunity for a hearing. ***Club Italia Soccer & Sports Org., Inc. v Charter Twp. of Shelby, Mich.***, 470 F.3d 286 (6th Cir. 2006).

Plaintiff has failed to allege that she was not provided adequate procedural due process. In fact, Plaintiff's allegations suggest that she was provided adequate procedural due process. Plaintiff was provided notice of a violation of a municipal ordinance. **(ECF No. 1, PageID.21, ¶¶ 92-94; ECF No.1-2, PageID.45).** Plaintiff then alleges that the violation was before Judges Buday and Hunter. **(ECF No. 1, PageID.40, ¶ 176).** Plaintiff

9

also applied for a contested case hearing. **(ECF No. 1, PageID.18, ¶ 83).** Plaintiff has failed allege that she was not afforded adequate procedural due process. Thus, Plaintiff has failed to state any plausible procedural due process violation.

To the extent Plaintiff asserts a substantive due process claim, it also fails. The Fourteenth Amendment's Due Process clause has a substantive due process component that "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." ***Sutton v. Cleveland Bd. of Ed.***, 958 F.2d 1339, 1350 (6th Cir. 1990). An "arbitrary and capricious action is one that shocks the conscience." ***Bowers v. City of Flint***, 325 F.3d 758, 763 (6th Cir. 2003).

Plaintiff does not plausibly allege any conduct by Beaver, Buday, or Hunter that "shocks the conscience." **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4. 12-13, 88, 93-94, 100, 105, 109, 113, 118, 124, 132, 174, 176).** Plaintiff has not stated any plausible substantive due process violation by Defendants Beaver, Buday, or Hunter. Thus, Defendants are entitled to qualified immunity against Plaintiff's due process claims.

### 2. Equal Protection.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." ***Henry v. Metro. Sewer Dist.***, 922 F.2d 332, 341 (6th Cir. 1990). Plaintiff has neither alleged that she is a member of a protected class or that Defendants Beaver, Buday or Hunter intentionally discriminated against her. **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4. 12-13, 88, 93-94, 100, 105, 109, 113, 118, 124, 132, 174, 176).** Thus, Plaintiff has failed to state any cognizable equal protection claim.

### 3. Violation of Oath of Office.

Plaintiff has also failed to state a claim for "violation of oath of office" because there is no private cause of action for an official's alleged violation of an oath of office. See e.g., *Lewis v. Green*, 629 F. Supp. 546, 554 n. 14 (D.D.C. 1986); *Krajicek v. Nichols*, No. 98-1878, 1999 WL 991252 at * 2 (6th Cir. Sept. 28, 1999); *Scheiner v. Bloomberg*, No. 08-cv-9072, 2009 WL 691449 at *9 (S.D.N.Y. Mar. 17, 2009)(citing *Mechler v. Hodges*, No. c-02-948, 2005 WL 1406102 at *20-21 (S.D. Ohio June 15, 2005)); *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 729 (E.D. Mich. Jan. 7, 2003); *Marr v. Jones*, No. 07-cv-01201, 2010 WL 1997170 (W.D. Mich. Mar. 4, 2010)("violations of oath of office would not provide plaintiff with a section 1983 cause of action for damages")(citing *Lake v. Granholm*, No. 08-cv-572, 2008 WL 724162 at *2 (W.D. Mich. Mar. 17, 2008)). On this basis alone, Plaintiff's "violation of oath of office" claims should be dismissed.

### 4. Inverse Condemnation.

To state a claim for inverse condemnation, Plaintiff must allege "that the government's actions were a substantial cause of the decline of the value of the plaintiff's property and must establish that the government abused its legitimate powers in affirmative actions directly aimed at the plaintiff's property." *Marilyn Froling Revocable Living Trust v. Bloomfield Hills Country Club*, 283 Mich. App. 264, 295, 769 N.W.2d 243 (2009).

Plaintiff has not alleged any facts to show that Deputy Beaver, Judge Buday, or Judge Hunter abused any legitimate powers. **(ECF No. 1, PageID.3, 5, 18-19, 21, 23-28, 30, 39-40, ¶¶ 3-4, 12-13, 88, 93-94, 100, 105, 109, 113, 118, 124, 132, 174, 176).** On this basis, Plaintiff has failed to state any inverse condemnation claim.

**5. Conspiracy**

Plaintiff has also failed to state a claim for civil conspiracy. The Sixth Circuit has defined a civil conspiracy under § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).

Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations which are unsupported by material facts are insufficient. *Id.* Moreover, a plaintiff cannot succeed on a conspiracy claim where there is no underlying constitutional violation. *Wiley v. Oberlin Police Dept.*, 330 Fed. Appx. 524, 530 (6th Cir. 2009)(citing *Bauss v. Plymouth Twp.*, 233 Fed. Appx. 490, 500 (6th Cir. 2007)).

As set forth above, there is no underlying constitutional violation by Defendants. Thus, Plaintiff cannot state a cognizable claim for a civil conspiracy. Even apart from the lack of any constitutional violation, Plaintiff failed to allege any plausible claim for civil conspiracy. Plaintiff asserts that unidentified Defendants conspired to deprive her of her rights. **(ECF No. 1, PageID.27, ¶¶ 117-118).** Plaintiff's allegations simply do not meet *Iqbal's* requirement of facial plausibility. See *Iqbal*, 129 S. Ct. at 1949. Thus, Plaintiff has failed to state a cognizable civil conspiracy claim against these Defendants.

**VI. PLAINTIFF FAILED TO STATE ANY COGNIZABLE STATE LAW CLAIM AGAINST DEFENDANTS BEAVER, BUDAY, AND HUNTER OUTSIDE THE SCOPE OF THEIR GOVERNMENTAL IMMUNITIES.**

To the extent Plaintiff asserts state law tort claims against Judges Buday and Hunter, they have absolute governmental immunity. Michigan's Governmental Tort Liability Act ("GTLA") expressly declares that:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

MCL 691.1407(5). "It is well settled that judges are accorded absolute immunity from liability for acts performed in the exercise of their judicial functions." ***Diehl v. Danuloff***, 242 Mich. App. 120, 128; 618 N.W.2d 83 (2000). As set forth above, Plaintiff alleges actions by Judges Buday and Hunter in the exercise of their judicial functions. Thus, they are entitled to absolute immunity.

Defendants Beaver, Buday, and Hunter are also entitled to general governmental immunity. Governmental employees acting within the scope of their authority and in the course of their employment are immune from tort liability unless (1) their conduct rises to the level of "gross negligence" that is the one, more immediate and direct cause of injury to the plaintiff, MCL 691.1407(2) or (2) their conduct constitutes an "intentional tort" done without good faith or with malice. ***Odom v. Wayne County***, 482 Mich. 459, 479-80; 760 N.W.2d 217 (2008). Plaintiff has not alleged facts against Defendants Beaver, Buday, or Hunter that could establish either.

"Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Gross negligence "has been characterized as a willful disregard of safety measures and a

singular disregard for substantial risks." *Oliver*, 290 Mich. App. at 685. Facts showing no more than ordinary negligence do not satisfy this statutory definition. *Maiden*, 461 Mich. at 122-23.

Plaintiff does not alleged that Defendants' conduct amounted to "gross negligence." Moreover Plaintiff has failed to allege facts that Defendants acted with malice or without good faith at all. A lack of good faith is "malicious intent, capricious action or corrupt conduct or willful and corrupt misconduct." *Odom*, 482 Mich. at 474. Again, "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference as to whether harm will result as to be the equivalent of a willingness that it does*." Id.* at 475.Because Plaintiff has failed to present facts sufficient to plead a claim of gross negligence or intentional torts done without good faith or with malice, Defendants retain governmental immunity.

Plaintiff's state law claim for "fraudulent misrepresentation" **(ECF No. 1, PageID.29-31, ¶¶131-139)** also fails.  To state a claim for fraudulent misrepresentation, Plaintiff must allege:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, it knew that it was false, or made the representation recklessly, without any knowledge of its truth, and as a positive assertion; (4) the defendant made the representation with the intention that it should be acted on by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury due to his reliance on the representation.

*Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399; 617 N.W.2d 543 (2000).

Beyond containing each of those elements, claims of fraudulent conduct must adhere to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging a fraud or mistake, a party must state with particularity

the circumstances constituting a fraud or mistake." To satisfy Rule 9(b)'s particularity requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

Plaintiff's allegations not only fail to allege the elements of fraud required under Michigan law, but also fail to adhere to the heightened pleading requirements of Fed. R. Civ. P. 9(b). Plaintiff simply alleges the bare bones legal elements of fraudulent misrepresentation without any factual support. **(ECF No. 1, PageID.30, ¶¶ 132-136).** Plaintiff's bare bones allegations are insufficient to state a cognizable fraudulent misrepresentation claim against Defendants Beaver, Buday, and Hunter to meet the heightened pleading standard. Plaintiff's fraudulent misrepresentation claims must be dismissed.

To the extent Plaintiff asserts a claim for a violation of the Michigan Constitution **(ECF No. 1, PageID.39, ¶ 174)**, it also fails. The Michigan Supreme Court recognized that claims for damages can be asserted against the State of Michigan for violations of the Michigan Constitution. *Smith v. Dept of Public Health*, 428 Mich. 540; 410 NW2d 749 (1987). But the Court subsequently held that a claim alleging a violation of the Michigan Constitution exists only against the "state," not against an individual government employee. *Jones v. Powell*, 462 Mich. 329, 335-37; 612 NW2d 261 (2001)("Our Supreme Court has clearly held that no inferred damages remedy for a violation of a state constitutional right exists against individual governmental employees"). Deputy Beaver, Judge Buday, and Judge Hunter are individual government employees.   Thus, they

cannot be held liable for damages on Plaintiff's claim alleging violations of the Michigan Constitution.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Plaintiff has failed to state any cognizable claim against Defendants Beaver, Buday, and Hunter. Therefore, Defendants ask this Court to grant their motion seeking dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6).

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By: /s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants Kyle Beaver, Lynn M. Buday, and Colin G. Hunter
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470

Dated:  November 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2019, I electronically filed the foregoing Defendants' Motion Seeking Dismissal, Brief in Support, and Certificate of Compliance with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Charise Spink
7528 Blak Ave., N.W.
Rapid City MI  49676

/s/ Allan C. Vander Laan
Allan C. Vander Laan