UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARISE SPINK,

    Plaintiff/Complainant,                           Case No: 19-cv-00900
                                                                          Hon. Paul L. Maloney
                                                                          Magistrate Phillip J. Green

vs.

Mike Gaylord, Supervisor, CLEARWATER TOWNSHIP,
CLEARWATER TOWNSHIP, a Michigan municipality
Kathy Eldridge, Clerk, CLEARWATER TOWNSHIP,
Barbara Crambell, Treasurer, CLEARWATER TOWNSHIP,
Greg Bradley, Trusteee, CLEARWATER TOWNSHIP,
Jeremy Morrison, Trustee, CLEARWATER TOWNSHIP,
Adam Parzych, Zoning Enforcement, CLEARWATER TOWNSHIP,
Greg Snyder, ZBA, CLEARWATER TOWNSHIP,
Kyle Beaver, Deputy Sheriff Kalkaska County,
Lynne M. Buday, District Court Judge,
Colin G. Hunter, Circuit Judge, Pro Tem,
YOUNG, GRAHAM & WENDLING, PC, a professional Corporation,
Nicole E. Essad, counsel for CLEARWATER TOWNSHIP,
James Sweet, Kalkaska County Commissioner,
Patty Cox, Kalkaska County Commissioner,
Kevin Hughes, District Health Dept. #10,
Matt Fournier, District Health Dept. #10,
Thomas Reichard, District Health Dept. #10,
Kyle Anderson, District Health Dept. #10,
The Board of Health, District Health Dept. #10,
Phil Lewis, Board of DHD#10,
Shelly Pinkeiman, Board of DHD#10,
Betty Dermyer, Board of DHD#10,
Dawn Matin, Board of DHD#10,
Pauline Jaquish, Board of DHD#10,
Richard Schmidt, Board of DHD#10,
Steven Hull, Board of DHD#10,
Charles Lange, Board of DHD#10,
Tom O'Neil, Board of DHD#10,
Ray Steinke, Board of DHD#10,
Roger Ouwinga, Board of DHD#10,
Hubert Zuidrveen, Board of DHD#10,

Bryan Koik, Board of DHD#10,
Jim Maike, Board of DHD#10,
Martha Meyette, Board of DHD#10,
Denny Powers, Board of DHD#10,
Judy Michois, Board of DHD#10,
Gary L. Taylor, Board of DHD#10,
Holly Pennioni, DNR Law Enforcement Division,
Chris Bowen, DNR Law Enforcement Division,
Gary Hagler, Chief DNR Law enforcement Division,
John and Mary Doe unknown at this time,

  Defendants/Respondents.
_____/

## DEFENDANTS NICOLE E. ESSAD AND YOUNG GRAHAM & WENDLING'S RESPONSE TO PLAINTIFF CHARISE SPINK'S MOTION TO VACATE THE MAGISTRATE ORDER REJECTING PLEADING OF 12/26/19

  Defendants, Nicole E. Essad and Young Graham & Wendling, PC, through their counsel, Collins Einhorn Farrell, PC, and, in response to plaintiff Charise Spink's motion to vacate the magistrate's order rejecting pleading of 12/26/19, requests that this Court deny plaintiff's motion because plaintiff's amended complaint was untimely and the amendment is futile.

  First, Spink's amended complaint was untimely under Fed. R. Civ. P. 15(a)(1)(B), which provides that a plaintiff may amend the complaint as a matter of course within 21 days after service of a responsive pleading. YG&W and Essad filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 18, 2019 (see Docket No. 11), but Spink didn't file the amended complaint with the Court until December 11, 2019—which was 23 days after the response was filed (see Docket No. 31). So, Spink's amended complaint was untimely under the federal court rules.

2

Second, an amendment is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). Here, the amendment is futile because it doesn't give rise to a valid claim against YG&W and Essad. In her amended complaint, Spink continues to raise claims against YG&W and Essad under 42 U.S.C. §§ 1983 and 1985, in relation to Essad and YG&W's representation of Clearwater Township in a municipal civil infraction action against Spink. The only difference in the amended complaint when it comes to YG&W and Essad is that Spink alleges a claim for "malicious threats" rather than a claim for "malicious prosecution." (Docket No. 31-1, Page ID 506-507). The malicious threats claim raises the same allegations as the malicious prosecution claim, and "malicious threats" isn't a recognized claim under federal law. So, Spink's amendment doesn't give rise to a valid claim against YG&W and Essad.

As explained in YG&W and Essad's motion to dismiss (Docket No. 11), Spinks' claims fail because YG&W and Essad were not state actors subject to liability under 42 U.S.C. § 1983 or 1985. *Dyer v Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 615 (D. Md. 2016). Moreover, even if they were, their actions in representing Clearwater Township were protected by absolute and qualified immunity. *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000); *Arabbo v. City of Burton*, 689 Fed. Appx. 418, 421 (6th Cir. 2017). Spink's cryptic conspiracy claim also fails because an attorney cannot conspire with her client in the scope of the representation. *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 842 (N.D. Ohio 2009). Spink's amended complaint, therefore, does nothing to cure the fatal defects in her original complaint.

For these reasons, this Court should deny Spink's motion to vacate the magistrate's order rejecting her amended complaint and should dismiss Spink's original complaint with prejudice.

                                                  Respectfully submitted,

                                                  COLLINS EINHORN FARRELL PC

BY:    */s/ Mary C. Aretha*
        DAVID ANDERSON (P55258)
        Mary C. Aretha (P78825)
        Attorneys for Defendants, Young, Graham & Wendling, PC and Nicole E. Essad
        4000 Town Center, 9th Floor
        Southfield, MI  48075
        (248) 355-4141

Dated: February 12, 2020    David.Anderson@CEFlawyers.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in this document is 981, including headings, footnotes, citations and quotations, as calculated through Microsoft Office Word 2016.

                                                  Respectfully submitted,

                                                COLLINS EINHORN FARRELL PC

BY:    _____
        DAVID ANDERSON (P55258)
        Mary C. Aretha (P78825)
        Attorneys for Defendants, Young, Graham & Wendling, PC and Nicole E. Essad
        4000 Town Center, 9th Floor
        Southfield, MI  48075
        (248) 355-4141

Dated:    David.Anderson@CEFlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020, I electronically filed the Response to Plaintiff's Motion to Vacate with the Clerk of the Court using the ECF system, that a copy was electronically served on all counsel of record via the ECF system, and that I served a copy on plaintiff via first-class mail at the address listed for plaintiff on the PACER system.

                                            Respectfully submitted,

                                            COLLINS EINHORN FARRELL PC

                                            */s/ Mary C. Aretha*
                                            DAVID C. ANDERSON (P55258)
                                            Mary C. Aretha (P78825)
                                            Attorneys for Defendants, Young, Graham & Wendling, PC and Nicole E. Essad
                                            4000 Town Center, 9th Floor
                                            Southfield, MI  48075
                                            (248) 355-4141

Dated:  February 17, 2020               David.Anderson@CEFlawyers.com