United States District Court
Western District of Michigan
Southern Division
_____/

**Charise Spink**
**COMPLAINANT**                              Case No. 1:19-cv-900

v.                                           Objection to Movant's Response to

                                             Plaintiff's Motion to Vacate

                                             Hon. Paul L. Maloney

**MIKE GAYLORD, et al.,**

_____/

Bradley D. Wierda (P63811)
Smith & Johnson, P.C.
603 Bay Street, P.O. Box 705
Traverse City, MI 49685-0705
Attorneys for Defs Clearwater Twp.
(231 )946-0700
bwierda@smith-johnson.com

DAVID ANDERSON (P55258)
Mary C. Aretha (P78825)
COLLINS EINHORN FARRELL PC
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
David.Anderson@CEFlawyers.com
Attorneys for Defs, YG&W, PC and Nicole E. Essad

Michael I. Conlon (P43954)
RUNNING, WISE & FORD, PLC
326 E. State Street, P.O. Box 686

1

Traverse City, MI 49685-0686
Telephone: (231) 946-2700
Email: mic@runningwise.com
Attorneys for Defs. Catherine D. Jasinski, Esq

Andrew J. Brege (P71474)
ROSATI, SCHULTZ, JOPPICH, & AMTSBUECHLER, P.C.
822 Centennial Way, Suite 270
Lansing, Ml 48917
(517) 886-3800
abrege@rsjalaw.com
Attorneys for Defs. Health Department Board Members

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids Ml 49546
616-975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com
Attorneys for Defs. Kyle Beaver, Lynn M. Buday and Colin G. Hunter

Daniel Paul Bock
MI Dept attorney General (ENRA-Lansing)
Enviroment, Natural Resources & Agriculture Div.
P.O. Box 30755
Lansing, MI 48909
517.335.7664
bockd@michigan.gov

---

**Plaintiff's Objection to Movant's Response to Plaintiff's Motion to Vacate**

**Magistrate Order of December 26, 2019**

2

## Here moves the Plaintiff's response to Movant's Motion to deny her Motion to Vacate Magistrate's Order of December 26, 2019

The Defendants, Nicole E. Essad and Young Graham & Wendling, PC, moving under the hands of their counsel, Collins Einhorn Farrell, PC, have presented a document to this Court in a effort to support the unlawful action of the Magistrate by fraudulently misstating the lawful authority of the Plaintiff to address the controlling lawful authority codified as the Federal Rules of Civil Procedure Rule 6(d)[1] and Rule 15(a) (1) (B).

The Court to this date never acknowledged, denied, nor authorized the Plaintiff's Motion[2] addressing her request for filing documents via the Electronic Case Management system as a Pro Se Litigant. A fact known to the Defendant's Legal Counsel, which substantiates its fraudulent intent by willfully misstating the controlling Federal Rules of Civil Procedure Rule 6(d) as all documents have been posted by this Plaintiff to this Defendant and its legal Counsel in compliance to Federal Rules of Civil Procedure Rule 5(b)(2)(C).

---

1. Rule 6(d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

2. Document Number 26 Filed December 6, 2019, entered December 10, 2019

3

Subsequently contrary to the misstatement of fact moved by Defendants, Nicole E. Essad and Young Graham & Wendling, PC, moving under the hands of their counsel, Collins Einhorn Farrell, PC, the Plaintiff filing of her Amended Complaint was filed timely in compliance to Federal Rules of Civil Procedure Rule 15(a)(1)(B).

Defendants, Nicole E. Essad and Young Graham & Wendling, PC, moving under the hands of their counsel, Collins Einhorn Farrell, PC, advances its claims to advance its misstatement of controlling law, by its hands to overtly misstate the lawful standing of the Plaintiff's amendment complaint.

It is a controlling question of law[3] that an Amended complaint moved as a matter of right lawfully authorized by Federal Rules of Civil Procedure Rule 15(a)(1)(B) supersedes the original Complaint which as the controlling[4] factor of law renders said original Compliant a nullity.

---

3. Title 28 USCA Part IV Chapter 83 § 1292(b):  When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a <u>controlling question of law</u> as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

4. Section 1292(b) requires that the ruling sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. <u>Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991)</u>

> "Also in general, an amended pleading — like the amended complaint here — supersedes the earlier pleading and renders the original pleading a nullity. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 171 (3d Cir. 2013)" Palakovic v Wetzel, 854 F.3d 209,220 (2017)

Defendants, Nicole E. Essad and Young Graham & Wendling, PC, moving under the hands of their counsel, Collins Einhorn Farrell, PC know that the law is clear regarding[5] an amended complaint, yet in this instance it misstated the standing of the Plaintiff's Amended Complaint in an overt effort to support the unlawful actions of the Magistrate's Order issued on December 26, 2019.

Legal counsel, Collins Einhorn Farrell, PC knew that they are officers of the Court, who took an oath attributable to all PUBLIC ACTORS, who as members of the Statutorily created Public Body Corporate stand as attorneys at law, as authorized first by Order of the Court, standing as members of this self funded component Unit of State Government operating as the State Bar of Michigan.

This motion moved herein by the Defendant's, Nicole E. Essad and Young Graham & Wendling, PC, legal counsel, Collins Einhorn Farrell, PC is capped by its willingness to misstate its standing under the Laws of Michigan in a deliberated act to mislead the Court in to thinking that anyone may stand as an

---

5. "This is not a permissible practice. It is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio*". Kelly v Crosfield Catalyst 135 F 3d 1202,1204, 1998

attorney at law outside the regulatory reach of the Public Body Corporate without regards to the Statutory structure incorporated by Public Act 236 of 1961 § 901[6].

**In Conclusion,** the issues addressed by the Plaintiff Charise Spinks in her Motion to Vacate the Magistrate's Order issued on December 26, 2019 addresses a Controlling Question of Law[7].

**Furthermore** the Defendants, Nicole E. Essad and Young Graham & Wendling, PC, Motion moved under the hands of their counsel, Collins Einhorn Farrell, PC, in Response to the Plaintiff's Motion to Vacate the Magistrate's Order issued on December 26, 2019 substantiate that they are either sadly ignorant to the Controlling Law, or worse, chose to knowingly move a claim to advance a frivolous argument in known violation to the Laws of Michigan, and the United States.

**For these reasons**, this Court should Deny Defendants, Nicole E. Essad Motion, which advanced a frivolous argument moved by the arrogant hands of legal counsel Young Graham & Wendling, PC, which sits here on the floor of this Court, as a deleterious argument that contains no lawful merit or authority.

---

6. *Falk v. State Bar*, 411 Mich. 63, 88 (Mich. 1981)
7. Johnson v. Burken, 930 F.2d 1202, 1206 (7th Cir. 1991)

Respectively Submitted,

March 9, 2020

/s/ *David J. Gilbert*

David J. Gilbert    (P 56956)

306 East Broadway Street

Suite 1

Mount Pleasant, Michigan    48858

Telephone:  989 779 8505

## **CERTIFICATE OF COMPLIANCE**

With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements This Reply Brief complies with the type-volume limitation of FED. Rule 8015(h) because this brief contains 1,174 words, including the certificate of compliance, whilst excluding the parts of the brief exempted by FED. Rule 8015(a)(7) (B) (ii).

This Reply brief complies with the typeface requirements of FED. Rule 8015 and the type style requirements of FED. Rule 8015 (a)(5) & (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in Time New Roman font 14-point type face.

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, I electronically filed the Response to Defendants, Nicole E. Essad and Young Graham & Wendling's Response to Plaintiff Charise Spink's Motion to Vacate the Magistrate Order Rejecting Pleading of 12/26, 2019 using the ECF system that a copy was electronically served on all counsels of record via the ECF system.

Respectfully submitted,

March 9, 2020

/s/ David J. Gilbert

David J. Gilbert   (P 56956)
306 East Broadway Street
Suite 3
Mount Pleasant, Michigan   48858
Telephone:  989 779 8505
djgilbertlaw@gmail.com