UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARISE SPINK, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:19-cv-900 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| MIKE GAYLORD, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This matter is before the Court on six motions to dismiss, one motion for summary judgment, three miscellaneous motions, and one objection. For the reasons to be explained, the motions to dismiss will be granted and the complaint will be dismissed entirely.

### I.

Plaintiff Charise Spink filed this case on October 28, 2019. Spink alleges that the 42 Defendants violated her constitutional rights, and she now seeks to bring claims against them under 42 U.S.C. § 1983. There are few discernable facts in the complaint. Spink owns land in Clearwater Township, and the core of the case appears to be the fact that she operates an unlicensed campground on that land. The Michigan Department of Environment, Great Lakes, and Energy ("EGLE") attempted to hold her accountable by sending her two cease and desist letters in 2018.

The following facts are not contained in the complaint—they come from one of the motions to dismiss (ECF No. 11)—but the Court includes them here for context. Spink received two citations from Clearwater Township for zoning ordinance violations related to

the unlicensed campground. The law firm Young, Graham & Wendling, P.C. ("YG&W") and attorney Nicole E. Essad represented Clearwater Township in a municipal civil infraction action to enforce those citations. During those proceedings, the court ordered Spink to obtain the necessary permits and pay a fine. Rather than obtain the permits, Spink filed the present lawsuit against nearly every person and entity involved with issuing the citations and enforcing Clearwater's zoning laws. Spink has also filed an administrative action against EGLE in state court; that action was dismissed *sua sponte* by an Administrative Law Judge.

The present complaint seems to allege that the defendants are trespassing on Spink's land and violating her rights. She brings eight claims: I) violation of 42 U.S.C. § 1983 for "malicious threats;" II) "joinder" under 42 U.S.C. § 1983 to join each defendant's spouse; III) violation of oath of offices; IV) denial of due process; V) "exaction," VI) "conspiracy over acts," apparently between the spouses that she seeks to join in Count II; VII) fraudulent misrepresentation; and VIII) "allegations of law" which does not appear to be a cause of action, but rather the affirmative statement that this is a civil rights lawsuit brought under § 1983.

Spink attempted to file an amended complaint on December 11, 2019, but she did not file a motion to amend. Magistrate Judge Green rejected the proposed amended pleading because responsive pleadings had already been filed and Spink was outside the 21-day window to amend as of right under Fed. R. Civ. P. 15(a) (ECF No. 31). Some defendants have refiled their motions to dismiss to consider the amended complaint and Spink has objected to Judge Green's rejection. Including these filings, there are 12 outstanding motions

on the docket. The Court will address the substantive motions in the order they were filed, and the remaining motions will be addressed last. Spink has not responded to any of the motions.

## II.

A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face." *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). If plaintiffs do not "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. For Bio-Ethical Reform*, 648 F.3d at 369. The Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"; rather, "it must assert sufficient facts to prove the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

### III.

### A.

To state a prima facie case under § 1983, a plaintiff must establish that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). A critical aspect of any § 1983 claim is that to be held liable, a plaintiff must demonstrate that each defendant, through their own actions, violated the Constitution. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014). Each defendant's personal involvement is necessary to hold them individually liable. *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). For example, individual board members cannot be held personally liable for actions taken as members of a board unless the law requires or empowers them to act individually. *Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 512 (6th Cir. 1996).

4

Spink's complaint falls short here. The complaint does not identify any actions taken by most individual defendants. For example, the first motion to dismiss was filed on behalf of the Board of Health and 24 District Health Department ("DHD") board members and employees (*see* ECF No. 9). The DHD is the public health department that covers Kalkaska county, which includes Clearwater Township. Spink does not identify any actions taken by the individual board of health members, nor has she identified any action taken by the board as an entity. The only relation these defendants have to her case is that some of them received copies of EGLE's cease and desist letter. None of them, however, acted. Thus, to the extent that the complaint brings any § 1983 claim against these defendants, those claims must be dismissed.

The same is true for Defendant Catherine Jasinski, an attorney that represents DHD (*see* ECF No. 12). The complaint is void of any allegations regarding Jasinski. Paragraph 68 of the complaint simply states that Jasinski "moved" "wrongful acts" (ECF No. 1) This is insufficient to state any claim against Jasinski, and the claims against her must be dismissed.

Kalkaska County Sheriff's Deputy Kyle Beaver is not mentioned *anywhere* in the complaint. He has moved to dismiss the claims against him (ECF No. 15) and that motion will also be granted for failure to state a claim.

Clearwater Township and seven of its employees filed a motion for summary judgment (ECF No. 34). While it is styled as a motion for summary judgment because these defendants previously filed an answer, it is substantively a 12(b)(6) motion to dismiss for failure to state a claim. Again, the complaint does not allege any actions taken by any of these defendants individually, so the motion will be granted.

The final group of defendants that raise this argument—Holly Pennoni, Chris Bowen, and Gary Hagler—are employees of the state of Michigan. Pennoni and Bowen are EGLE detectives, and Hagler is the chief of the Department of Natural Resource's law enforcement division. These defendants were copied on the EGLE letter, but as with most other defendants, there are no allegations that they acted in any way. This is insufficient to plead a claim against state actors under § 1983, and all claims against them will be dismissed.

These 38 defendants will be dismissed for failure to state a claim.

**B.**

The second motion to dismiss was filed by YG&W and Essad (ECF No. 11). These defendants represented Clearwater Township in the municipal civil infraction action to enforce the citations on Spink's unlicensed campground. They move to dismiss on multiple grounds, but only two require discussion.

First, Spink did not serve a copy of the summons on YG&W or Essad, so they move to dismiss under Rule 12(b)(5). The plaintiff bears the burden of perfecting service of process and showing that proper service was made; if plaintiff fails to do so, Rule 12(b)(5) permits defendants to seek dismissal by motion. *Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). If plaintiff shows good cause for the failure, the court must extend the time for service. Fed. R. Civ. P. 4(m). In this case, Spink has failed to perfect service, and she has not shown good cause for that failure. Accordingly, the claims against YG&W and Essad will be dismissed.

In the alternative, YG&W and Essad are not state actors, so they were not acting "under color of state law" and they cannot be sued under § 1983. Even taking Spink's

allegations that YG&W and Essad "conspired" with state actors at face value, attorneys cannot conspire with the client within the attorney-client relationship. *See Horen v. Board of Educ. Of Toledo City School District*, 594 F. Supp. 2d 883, 842 (N.D. Ohio 2009). Thus, Spink cannot bring her § 1983 claims against these Defendants.

This motion will be granted in its entirety, and these two defendants will be dismissed.

## C.

The final two defendants are 46th District Court Judge Lynn Buday and Kalkaska County Circuit Court Judge Colin Hunter. They have moved to dismiss the claims against them for several reasons (*see* ECF No. 15).

The Judges first argue that the case should be dismissed under *Rooker-Feldman*, but it is not quite clear that Spink is a "state court loser complaining of an injury caused by a state court judgment," which must be the case for *Rooker-Feldman* to mandate dismissal. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284. Thus, the Court will not dismiss the case on *Rooker-Feldman* grounds.

However, the Judges are entitled to judicial immunity. "Judicial officers generally are absolutely immune from civil suits for monetary damages under § 1983 for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). State judges are absolutely immune from § 1983 suits arising out of their performance of judicial functions. *Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983). This immunity extends to state district court judges in the performance of their judicial acts. *Krajicek v. Justin*, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998). Judicial immunity can only be overcome for nonjudicial actions, "i.e., actions not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in

7

complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is judicial in nature when "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Spink does not allege any acts taken by Judges Buday and/or Hunter that are not "judicial." Rather, she argues that she was unhappy with the Judges' actions in the state court municipal enforcement proceedings; this is within the scope of the Judges' immunity. Nor does the complaint allege that the judges acted in excess of their jurisdiction. Spink makes several allegations that "jurisdiction [was] VOID," but there are no factual allegations underlying that claim. In fact, MCL 600.8301(1) provides that "the district court has jurisdiction over civil infraction actions." Therefore, there are no facts to believe that the Judges acted in excess of their authority or jurisdiction. The Judges are entitled to judicial immunity, and all claims against them will be dismissed.

### D.

Having dismissed all 42 Defendants, the Court finds the following motions are moot: Jasinski's motion to supplement (ECF No. 21); Spink's motion to file and receive service electronically (ECF No. 26); and Jasinski's motion to dismiss the amended complaint as improperly filed (ECF No. 29).

That leaves Spink's motion to vacate Magistrate Judge Green's order dismissing her amended complaint (ECF No. 39) and a related objection (ECF No. 43). The Court finds no error in Magistrate Judge Green's order: Spink was outside the 21-day window to amend

as of right, and she failed to move to amend her complaint. Therefore, the proposed amended complaint was properly rejected. Spink's arguments that Magistrate Judge Green committed fraud on the court are outlandish and meritless. The motion to vacate Magistrate Judge Green's order is denied, and the objection is overruled.

### IV.

For these reasons, the Court finds that all 42 defendants must be dismissed. Spink failed to perfect service on YG&W and Essad, Judges Buday and Hunter are entitled to judicial immunity, and the complaint fails to plead facts that state a claim upon which relief can be granted against the remaining defendants. The remaining motions are moot or meritless as described above. Accordingly,

**IT IS HEREBY ORDERED** that the DHD Defendants' motion to dismiss (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that YG&W and Essad's motion to dismiss (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jasinski's motion to dismiss (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Deputy Beaver, Judge Buday, and Judge Hunter's motion to dismiss (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jasinski's motion to supplement (ECF No. 21) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Spink's motion to file and receive service electronically (ECF No. 26) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Jasinski's motion to dismiss Spink's amended complaint (ECF No. 29) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the Clearwater Township Defendants' motion for summary judgment (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that the State Defendants' motion to dismiss (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Spink's motion to vacate (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that Spink's objection (ECF No. 43) is **OVERRULED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: August 31, 2020                                         /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge